IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MONSANTO COMPANY, <br> PHARMACIA, LLC, and <br> SOLUTIA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MAGNETEK, INC., <br> GENERAL ELECTRIC CO., <br> PARAMOUNT GLOBAL, <br> KYOCERA AVX COMPONENTS, <br> CORNELL DUBILIER ELECTRONICS, INC., <br> and THE GILLETTE COMPANY, LLC, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CASE NO: 4:23-cv-00204-HEA |

**<u>DEFENDANT GENERAL ELECTRIC CO.'S REPLY IN SUPPORT OF ITS MOTION
FOR JURISDICTIONAL DISCOVERY</u>**

**INTRODUCTION**

As amply set forth in General Electric's Notice of Removal ("Notice of Removal") and General Electric Company's Combined Opposition to Plaintiffs' Motion to Remand and Memorandum of Law in Support of Its Motion to Conduct Jurisdictional Discovery ("Combined Brief"), GE has already established the existence of federal officer jurisdiction. But should this Court find that additional support is needed, it should grant GE's motion for limited jurisdictional discovery for at least three reasons.

First, where, as here, "facts [] go[ing] to the merits and the court's jurisdiction . . . are intertwined and genuinely in dispute," parties have a "qualified *right* to jurisdictional discovery." *Am. C. L. Union of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1341 (11th Cir. 2017) (emphasis added). Plaintiffs do not, and cannot, dispute that other courts have found the failure to grant jurisdictional discovery to be reversible error. On this basis alone, the Court should grant GE's motion if it is inclined to consider Plaintiffs' remand motion.

Second, if the Court finds it needs additional evidence to support federal jurisdiction, GE should be given the opportunity to discover Plaintiffs', as well as governmental, records of PCB sales to the federal government. This evidence is highly relevant and will corroborate the existing record that the federal government was a significant participant in GE's PCB-containing equipment business, both as a customer and a regulator.

Third, GE is entitled to know what PCB releases Plaintiffs allege are at issue in the underlying PCB Lawsuits for which they seek indemnity. Plaintiffs' argument that GE "does not need" this information is false. GE cannot further connect its conduct to the exercise of federal authority and regulation until Plaintiffs at least identify what purported GE-related releases of PCBs are at issue. Plaintiffs' refusal to disclose this information, which is within their sole

2

control, prejudices GE's ability to more clearly demonstrate the nexus between GE's conduct at issue and the exercise of federal regulation and control.

This Court should grant GE's request for limited jurisdictional discovery and enable the parties to develop a more complete record of the federal government's involvement in the regulation and procurement of GE's PCB-containing equipment.

## ARGUMENT

I.   **GE Timely Removed This Case**

Plaintiffs' untimeliness argument turns on a novel theory that GE should be bound by Plaintiffs' unfounded, unilateral interpretation of the agreed effective waiver and service date, rather than by the plain text of GE's Acknowledgement itself. GE plainly states that it "acknowledge the date of service of the First Amended Petition on General Electric as January 31, 2023." Acknowledgment (ECF 1-14 at 8.). GE's removal timing is governed by *this* negotiated-for and agreed-upon waiver date, not counsel's *post hoc* attempt to recharacterize the purpose of the document. For the reasons explained in GE's Combined Brief, this Court should reject Plaintiffs' bait-and-switch untimeliness argument.

II.  **GE is Entitled to Discovery if the Court Determines that Additional Evidentiary Support for Jurisdiction Is Necessary**

   A.   **GE Should be Permitted to Discover Records Reflecting PCB Sales to the Federal Government**

Monsanto argues that because GE did not miraculously foresee some future need for exhaustive historical transformer, capacitor, and PCB sales information decades after it exited this business, it should not be permitted to discover whether Plaintiffs and the federal government have records of GE-related PCB sales to the government. But Plaintiffs cite no authority for this proposition—nor can they. GE should be entitled to discovery of these records for several reasons.

3

First, GE had no legal obligation, or logical reason, to collect comprehensive sales records for its transformer and capacitor business under the 1972 Special Undertaking Agreements. *Contra* Opp'n Br. at 5 (ECF 74). Plaintiffs cite nothing—no contractual text, no legal authority—that might possibly justify imposing such a duty in retrospect. Accordingly, to the extent GE even still has access to some ancient hard copy records, it has no means to search records by customer, location, date, or product PCB-content. Moreover, in the more than five decades since the execution of the 1972 Special Undertaking Agreements, Plaintiffs have never before suggested that GE owed indemnity for pre-1972 PCB sales. Despite Plaintiffs' efforts to suggest otherwise, that GE did not assemble useless ancient records for its defunct transformer and capacitor business should not undercut GE's ability to obtain that information from other available sources.

Second, Plaintiffs do not claim that they lack evidence relevant to GE's federal officer removal arguments. *Id*. at 6 (describing Monsanto's production of historical sales summaries). Indeed, just Plaintiffs' publicly-available records on the internet reflect sales of many thousands of pounds of Pyranol, a PCB-based dielectric fluid specific to GE equipment, to the federal government in 1970-71 alone. *See* General Electric Company's Notice of Removal, ¶¶ 21-24 (ECF 1). And Plaintiffs possess similar undisclosed records reflecting sales for decades prior to the 1970s—records that surely will show the sufficiency of proof Plaintiffs now challenge. Given that Plaintiffs seek indemnity for PCBs sold to GE "both before and after [it] entered into the Special Undertakings," Opp'n Br. at 1, GE should have the opportunity to discover Monsanto's records of sales to the federal government across all time periods.

Third, Plaintiffs' pleadings and briefing contain several contradictions that further highlight the need for jurisdictional discovery. For example, Plaintiffs do not dispute that the

4

federal government bought and maintained vast quantities of PCB-containing capacitors and transformers. Remand Reply Br. at 9-10 (ECF 73). Plaintiffs also allege in their First Amended Petition ("Pet.") that GE "was the leading industrial user of PCBs in the manufacture of capacitor and transformer products." Pet. ¶ 110 (ECF 4). But then, Plaintiffs argue that GE has somehow failed to establish that the federal government was a significant purchaser of capacitors and transformers manufactured by GE, their own alleged "leading" supplier of such products. Remand Reply Br. at 9-10. If Plaintiffs can urge remand based on arguments that inherently contradict their own allegations, GE is entitled to discovery to resolve those contradictions and further establish that the federal government *was* a significant consumer of GE's PCB-containing equipment, as GE's proffered evidence already shows.

These considerations reveal that GE's request for limited jurisdictional discovery constitutes neither "gamesmanship" nor "defense delay tactic[s]." Opp'n Br. at 2, 9. GE should have an opportunity to conduct finite discovery for evidence of PCB-related sales to the federal government that further support federal jurisdiction. This holds true regardless of whether such records are in the possession of Plaintiffs or the government.[1] *See, e.g.*, *Trinity Home Dialysis, Inc. v. WellMed Networks, Inc.*, No. 22-10414, 2023 WL 2573914, at *5 (5th Cir. Mar. 20, 2023) (affirming district court's order of jurisdictional discovery related to federal officer removal jurisdiction); *Am. C. L. Union of Fla., Inc.*, 859 F.3d at 1341 (finding district court abused its discretion in denying motion for jurisdictional discovery); *O'Bryan v. Chandler*, 496 F.2d 403, 411 n.7 (10th Cir. 1974) ("If plaintiff contests . . . defendant's assertions that defendant was

---

[1] Plaintiffs also argue that GE's failure to seek information from the federal government proves that GE's motion is "gamesmanship." Opp'n Br. at 9. Far from it, GE has already been conducting research at the National Archives for some time. Obtaining information from the federal government is labor intensive and time consuming, hence GE's Motion for Jurisdictional Discovery.

acting under color of office, the district court must hold a hearing to determine the jurisdictional issues.").

      **B.    Plaintiffs Must Disclose what GE-Related PCB Releases are Allegedly at Issue in the Underlying PCB Lawsuits**

Plaintiffs have refused to identify the alleged GE-related PCB releases that purportedly would establish GE liability for the underlying PCB Lawsuits. Without this information, GE cannot determine how many of those as-yet-undisclosed releases were related to government sales of products that were required to contain PCBs. To distract from this gap in their claims, Plaintiffs instead lean on the misguided argument that the only "pertinent issue" for federal officer removal "is [whether] GE has . . . evidence establishing that it sold sufficient amounts of PCB-containing equipment to the federal government." Opp'n Br. at 4.

While Plaintiffs have provided GE with some records, none of these records show—or even purport to show—what GE products, and alleged releases of PCBs from such products, relate to the underlying PCB Lawsuits.[2] *Id*. at 6 (describing the production of historical sales summaries). Indeed, none of these records relate to whether GE PCBs are at issue in the PCB Lawsuits at all. Affidavit of Erik Nadolink at ¶¶ 8-9 (ECF 67-1). GE has nevertheless already independently identified evidence in the public domain demonstrating the federal government's use (and misuse) of PCBs generally, and GE-related PCBs specifically, at multiple locations at issue in the underlying PCB lawsuits. If, as Plaintiffs contend, even more evidence is required to bolster the case for federal jurisdiction, then limited jurisdictional discovery is necessary. GE

---

[2] Plaintiffs claim that GE "fail[ed] to tell the Court that," among other things, "Monsanto has sent GE numerous written communications explaining the basis for its tender of the PCB Lawsuits." Opp'n Br. at 5. But GE attached an affidavit to its Motion for Jurisdictional Discovery summarizing and attaching the parties' correspondence. Those documents show that Plaintiffs have *never* explained why they believe PCBs from GE equipment caused any alleged injuries in the underlying PCB Lawsuits.

6

must understand, as is its right, what alleged releases from GE products (if any) are at issue in the underlying PCB Lawsuits so that it may, in turn, determine how this subset of PCBs relates to actions GE undertook at the federal government's direction. *Id.* ¶¶ 9-16. On these issues, Plaintiffs hold all the cards: they possess heretofore-undisclosed information that GE needs to further connect the dots between the alleged GE conduct at issue in the underlying PCB Lawsuits, on the one hand, and actions GE took under federal direction, on the other. Under these circumstances, jurisdictional discovery is unquestionably appropriate. *See, e.g.*, *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978) ("[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." (citation omitted)).[3]

## CONCLUSION

If the Court denies Plaintiffs' Motion for Remand, as it should, then GE's Motion for Jurisdictional Discovery is moot, and no targeted jurisdictional discovery is necessary. Indeed, Plaintiffs concede most of the facts necessary to support federal jurisdiction. The record shows ample evidence of the federal government's extensive purchase, use, and regulation of PCBs used in equipment such as transformers and capacitors—many of which were manufactured by GE. Of these, Plaintiffs complain only that GE has failed to show that it manufactured a sufficient portion of this government owned equipment. Plaintiffs' claimed deficiency in GE's proof should be rejected, as it contradicts their own First Amended Petition alleging that GE was the "leading" manufacturer of such products. But if the Court is not satisfied with the existing

---

[3] Monsanto's efforts to distinguish GE's cited cases do not dull the impact of the principles for which GE cited them. Very few cases discuss jurisdictional discovery in the context of federal officer removal. As a result, cases discussing jurisdictional discovery generally are instructive.

7

record, then it should permit GE to resolve Plaintiffs' contradiction by granting its request for targeted jurisdictional discovery.

Dated:  April 28, 2023.                                              Respectfully submitted,


/s/ Marissa S. Ronk
Michael L. O'Donnell (*admitted pro hac vice*)
Marissa S. Ronk (*admitted pro hac vice*)
Erik D. Nadolink (*admitted pro hac vice*)
Attorneys for Defendant General Electric Co.
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Telephone: 303.244.1800
Facsimile: 303.244.1879
Email: odonnell@wtotrial.com
          ronk@wtotrial.com
          nadolink@wtotrial.com

Peter W. Herzog III
Attorney for Defendant General Electric Co.
Wheeler Trigg O'Donnell LLP
One Metropolitan Square
211 N. Broadway, Suite 2825
St. Louis, MO  63102-2723
Telephone: 303.244.1800
Facsimile: 303.244.1879
Email: pherzog@wtotrial.com

**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on April 28, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent notification of such filing to all counsel and parties of record who have appeared.

*s/ Marissa S. Ronk*