## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **MONSANTO COMPANY, PHARMACIA, LLC, and SOLUTIA, INC.,** | ) ) ) ) | Case No. 4:23-cv-00204-HEA |
| Plaintiffs, | ) ) | **ORAL ARGUMENT REQUESTED** |
| v. | ) ) ) | |
| **MAGNETEK, INC., et al.,** | ) ) | |
| Defendants. | | |

# DEFENDANT KYOCERA AVX COMPONENTS CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

**TABLE OF CONTENTS**

Page

TABLE OF CONTENTS ................................................................................................................ i

TABLE OF AUTHORITIES ......................................................................................................... ii

PRELIMINARY STATEMENT .................................................................................................... 1

STATEMENT OF RELEVANT FACTS ....................................................................................... 2

ARGUMENT .................................................................................................................................. 3

    I.    THIS COURT LACKS PERSONAL JURISDICTION OVER KAVX ....................... 3

        A.    Plaintiffs' Group Allegations Are Insufficient To Convey Jurisdiction ................. 4

        B.    This Court Lacks General Jurisdiction Over KAVX. ............................................. 5

        C.    This Court Lacks Specific Jurisdiction Over KAVX ............................................. 6

            1.    Missouri's Long-Arm Statute Does Not Apply .................................................. 6

                i.    KAVX Did Not "Transact Business" Within Missouri ........................ 6

                ii.    KAVX Did Not Make a Contract Within Missouri ............................. 7

                iii.    KAVX's Alleged "Tortious Act" Was Not Committed in or Directed at Missouri. ....................................................................................... 9

            2.    Personal Jurisdiction Would Violate Due Process Where KAVX Has Never Had Sufficient Minimum Contacts with Missouri .......................................... 10

    II.    PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR NEGLIGENCE AGAINST KAVX ...................................................................................................... 12

    III.    CLAIMS BARRED BY THE STATUTE OF LIMITATIONS MUST BE DISMISSED ................................................................................................................ 14

CONCLUSION ............................................................................................................................. 14

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Aaron Ferer & Sons Co. v. Atlas Scrap Iron & Metal Co.*,
   558 F.2d 450 (8th Cir. 1977) ................................................................................................10

*Ahmed v. Bangash*,
   2014 WL 805869 (E.D. Mo. Feb. 28, 2014) ..........................................................................11

*Arnold v. AT&T, Inc.*,
   874 F. Supp. 2d 825 (E.D. Mo. 2012) .....................................................................................7

*Asarco LLC v. NI Industries, Inc.*,
   106 F. Supp. 3d 1015 (E.D. Mo. 2015) .................................................................................14

*Baker Smith Sheet Metal, Inc. v. Wasco Prods., Inc.*,
   705 F. Supp. 471 (W.D. Mo. 1989) ....................................................................................7, 8

*Brown v. E.W. Bliss Co.*,
   818 F.2d 1405 (8th Cir. 1987) ...............................................................................................14

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985)...............................................................................................................12

*Cepia, LLC v. Universal Pictures Visual Programming Ltd.*,
   177 F. Supp. 3d 1129 (E.D. Mo. 2016) ...................................................................................9

*Cooper v. Hutcheson*,
   472 F. Supp. 3d 509 (E.D. Mo. 2020) ...................................................................................12

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014)................................................................................................................5

*Dairy Farmers of Am., Inc. v. Bassett & Walker Intern., Inc.*,
   702 F.3d 472 (8th Cir. 2012) .......................................................................................6, 7, 10

*Digi-Tel Holdings, Inc. v. Proteq Telecomms (PTE), Ltd.*,
   89 F.3d 19 (8th Cir. 1996) ...............................................................................................10, 11

*Fambrough v. General Motors, LLC*,
   2020 WL 13518495 (W.D. Mo. Apr. 6, 2020) .....................................................................13

*Fastpath, Inc. v. Arbela Tech. Corp.*,
   760 F.3d 816 (8th Cir. 2014) ............................................................................................3, 11

*Fru-Con Const. Corp. v. Controlled Air, Inc.*,
   2008 WL 544715 (E.D. Mo. Feb. 26, 2008) ................................................................... 8

*Harrison v. Union Pacific R. Co.*,
   45 F. Supp. 2d 680 (E.D. Mo. 1999) ............................................................................ 3

*Healthmate Int'l, LLC v. French*,
   2016 WL 6996177 (W.D. Mo. Mar. 1, 2016) ............................................................... 4

*Hogquist v. PACCAR, Inc.*,
   2021 WL 3185045 (W.D. Mo. July 27, 2021) ............................................................. 5

*Inst. Food Marketing Assoc., Ltd. v. Golden State Strawberries, Inc.*,
   747 F.2d 448 (8th Cir. 1984) ....................................................................................... 6

*Iowa Elec. Light & Power Co. v. Atlas Corp.*,
   603 F.2d 1301 (8th Cir. 1979) ................................................................................... 11

*J.H. Berra Paving Co. Inc. v. Legendary Motorcar Co. Ltd.*,
   2019 WL 2342448 (E.D. Mo. June 3, 2019) ............................................................... 9

*Keeley v. Pfizer Inc.*,
   2015 WL 3999488 (E.D. Mo. July 1, 2015) ............................................................... 5

*LaLiberte v. Nickrenz*,
   2016 WL 7535361 (W.D. Mo. Apr. 15, 2016) ........................................................... 5

*Land-O-Nod v. Bassett Furniture Indus, Inc.*,
   708 F.2d 1338 (8th Cir. 1983) ................................................................................... 11

*Lee v. Airgas Mid-South, Inc.*,
   793 F.3d 894 (8th Cir. 2015) ..................................................................................... 14

*Madrinas Brands, LLC v. Horseshoe Beverage Co. LLC*,
   2022 WL 823055 (E.D. Mo. Mar. 18, 2022) ........................................................... 3, 4

*Miller v. Nippon Carbon Co., Ltd.*,
   528 F.3d 1087 (8th Cir. 2008) ................................................................................... 11

*NexGen HBM, Inc. v. ListReports, Inc.*,
   2017 WL 4040808 (D. Minn. Sept. 12, 2017) ............................................................ 3

*Porter v. Berall*,
   293 F.3d 1073 (8th Cir. 2002) ................................................................................... 11

*Scullin Steel Co. v. National Railway. Utilization Corp.*
   676 F. 2d 309 (8th Cir. 1982) ..................................................................................... 7

*Vandewarker v. Continental Res., Inc.*,
   917 F. 3d 626 (8th Cir. 2019) ..............................................................................................12

*White v. BAC Home Loans Servicing, L.P.*,
   2011 WL 1483919 (E.D. Mo. Apr. 19, 2011)......................................................................13

*Xenos Bioresources, Inc. v. Sioux Biochemical, Inc.*,
   2005 WL 1719912 (E.D. Mo. July 22, 2005) ......................................................................11

**State Cases**

*Babb v. Bartlett*,
   638 S.W.3d 97 (Mo. App. 2021) ...........................................................................................9

*Greenstreet v. Rupert*,
   795 S.W.2d 539 (Mo. App. 1990) .......................................................................................13

*Johnson Heater Corp. v. Deppe*,
   86 S.W.3d 114 (Mo. App. 2002) ...........................................................................................7

*Preferred Physicians Mut. Mgmt. Group v. Preferred Physicians Mut. Risk Retention*,
   918 S.W.2d 805 (Mo. App. 1996) .......................................................................................13

*Shady Valley Park & Pool, Inc. v. Dimmic*,
   576 S.W.2d 578 (Mo. App. 1979) .........................................................................................7

*TSE Supply Co. v. Cumberland Natural Gas Co.*,
   648 S.W.2d 169 (Mo. App. 1983) .........................................................................................7

*Wilson Tool & Die, Inc., v. TBDN - Tennessee Co.*,
   237 S.W.3d 611 (Mo. App. 2007) .........................................................................................7

**State Statutes**

Mo. Rev. Stat. § 506.500 ...................................................................................................................6

Mo. Rev. Stat. § 516.120 .................................................................................................................13

**Rules**

Fed. R. Civ. P. 1 ..............................................................................................................................14

Fed. R. Civ. P. 12 ..............................................................................................................................1

The First Amended Petition ("Pet.") against Kyocera AVX Components Corporation ("KAVX) should be dismissed for the reasons detailed in Defendants' Brief in Support of Joint Motion to Dismiss Counts I–IV and VII of Plaintiffs' First Amended Petition ("Joint Brief"). Additionally, the FAP must be dismissed as against KAVX because this Court lacks personal jurisdiction over KAVX.[1] *See* Fed. R. Civ. P. 12(b)(2). Additionally, any claims for settlements, judgments, or other payments made before August 3, 2017 are time barred and should be dismissed. *Id*. 12(b)(6). In the alternative, KAVX respectfully requests that the Court dismiss Plaintiffs' Count V, asserting negligence, for failure to state a claim.[2]

## PRELIMINARY STATEMENT

From the 1980s through the present, Plaintiffs have been sued in hundreds of PCB Lawsuits around the country arising from Old Monsanto's manufacture of PCBs.[3] Plaintiffs recently commenced this action against six unrelated defendants seeking to enforce six individual contractual indemnity agreements and recover defense costs, settlement payments, and judgments arising from the PCB Lawsuits. As set forth fully below, the Amended Petition does not withstand scrutiny and must be dismissed as against KAVX.

*First*, the Amended Petition fails to establish that KAVX is subject to personal jurisdiction in Missouri. Plaintiffs admit that KAVX is incorporated in Delaware and maintains its principal

---

[1] As set forth in Sections I(C)(1)(ii) and II, *infra*, KAVX incorporates by reference and joins in certain of the arguments set forth in the Memorandum in Support of Cornell-Dubilier Electronics, Inc.'s Motion to Dismiss.

[2] KAVX is aware that prior to the case being removed, the state court denied Defendant Magnetek, Inc.'s motion to dismiss on personal jurisdiction grounds. The state court's ruling, which was not accompanied by a written decision explaining the denial, is not binding on this Court. In any event, KAVX's circumstances and jurisdictional arguments are distinct from those Magnetek presented in its state-court motion. To be clear, the non-jurisdictional arguments raised in this motion and the Joint Motion were not considered by the state court.

[3] Unless otherwise defined, capitalized terms are used as defined in the Joint Motion.

1

place of business in South Carolina. The Amended Petition does not allege that KAVX had *any* actual contacts with Missouri, let alone contacts so extensive that KAVX would be considered "at home" in Missouri. Nor does the Amended Petition allege suit-related contacts with Missouri sufficient to satisfy Missouri's long-arm statute. Plaintiffs do allege that KAVX's alleged predecessor contracted with a Missouri entity, but they cannot demonstrate – as required by black letter law – that the contract was ***accepted*** in Missouri. As such, their allegations are wholly insufficient to confer jurisdiction, and the Court should dismiss the Amended Petition.

Alternatively, Plaintiffs' negligence claim must be dismissed. The Amended Petition fails to state the most basic elements of a negligence claim. It fails to identify the existence of any duty arising in tort owed by KAVX to Plaintiffs and, as such, cannot show that a breach of said duty caused any damage. This is because Plaintiffs' negligence claim is duplicative of their contract claim, and there is no basis to pursue damages in tort. Plaintiffs' negligence claim must also be dismissed because it violates the economic loss doctrine.[4]

Finally, any claims seeking damages for settlements, judgments, or other payments made before August 3, 2017, are time-barred and should be dismissed.

## STATEMENT OF RELEVANT FACTS

KAVX is a manufacturer of advanced electronic components, used across many industries. It is incorporated in Delaware and headquartered in South Carolina. (Pet. ¶ 13; Ex. 1, Affidavit of Douglas Baskin ("Baskin Aff.") ¶¶ 3-4.) The company operates manufacturing and/or research and development sites in California, Maine, South Carolina, and Florida. (Baskin Aff. ¶ 5.) KAVX does not have any assets, operations, or employees in Missouri. (*Id.* ¶¶ 5-7.)

---

[4] As discussed in the Joint Motion, the related Count VII for equitable contribution should be dismissed as against all moving defendants, including KAVX.

2

Accepting Plaintiffs' allegations as true, in February 1972, Old Monsanto informed Aerovox[5] that it would not continue to sell PCBs to Aerovox unless and until it signed an undertaking agreement. (Pet. ¶ 49-50, 91.) Because Monsanto was the only domestic manufacturer of PCBs at the time, and because Aerovox was required to include PCBs in the manufacturing process at its New Bedford, Massachusetts plant, Aerovox acceded to Old Monsanto's demand and signed the February 7, 1972 Special Undertaking and March 20, 1972 Special Undertaking (collectively, the "Aerovox SU") as presented.[6] (*See* Pet. ¶¶ 49–50, 91.)

On September 1, 2017, Plaintiffs filed their original Petition in Missouri state court against a single defendant, Magnetek, Inc. Magnetek moved to dismiss, and shortly before the scheduled oral argument on that motion, Plaintiffs filed their Amended Petition in Missouri state court on August 3, 2022. The Amended Petition added five new defendants, none of which are related to or affiliated with Magnetek. On February 20, 2023, the case was removed to federal court.

## ARGUMENT

**I.    THIS COURT LACKS PERSONAL JURISDICTION OVER KAVX**

To establish this Court's personal jurisdiction over a defendant, Plaintiffs bear the burden to demonstrate either general or specific jurisdiction. *See Fastpath, Inc. v. Arbela Tech. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014); *Harrison v. Union Pacific R. Co.*, 45 F. Supp. 2d 680, 682 (E.D. Mo. 1999). For the reasons set forth below, Plaintiffs have not met their burden.

---

[5] Plaintiffs allege that Defendant KAVX "is the successor" to Aerovox. (Pet. ¶ 13.) KAVX reserves, and does not waive, its argument that KAVX is not the proper successor-in-interest to the obligations of Aerovox under the relevant contracts.

[6] KAVX was not a signatory to the Aerovox SU. Rather, Monsanto entities signed the February 7, 1972 Special Undertaking and March 20, 1972 Special Undertaking, and the Aerovox entities, respectively, countersigned.

3

### A. Plaintiffs' Group Allegations Are Insufficient To Convey Jurisdiction

As a threshold matter, to survive a motion to dismiss for lack of personal jurisdiction, "the requirements of personal jurisdiction must be met *as to each defendant*." *Madrinas Brands, LLC v. Horseshoe Beverage Co. LLC*, 2022 WL 823055, at *3 (E.D. Mo. Mar. 18, 2022) (emphasis added). Plaintiffs fail to meet this basic burden because they "often fail[] to distinguish between each Defendant's conduct." *See, e.g.*, *NexGen HBM, Inc. v. ListReports, Inc.*, 2017 WL 4040808, at *10 (D. Minn. Sept. 12, 2017). Specifically, Plaintiffs make their jurisdictional allegations as to "Defendants" as a whole:

> This Court has personal jurisdiction over Defendants. First, Defendants satisfy the Missouri long-arm statute because, as described herein, **Defendants** transacted business within Missouri, made contracts within Missouri, contracted to insure a person, property, or risk located within Missouri at the time of contracting. . . **Some of the Defendants** are also registered to do business in Missouri. Second, **Defendants** have numerous suit-related contacts with Missouri, including but not limited to various visits to Old Monsanto in Missouri regarding PCBs, communicating with Old Monsanto in Missouri, entering into contracts to purchase PCBs from Old Monsanto that were executed in Missouri and contained Missouri choice-of-law provisions, and/or the purchase of approximately 133 million pounds of PCBs from Old Monsanto which was based in Missouri at the time of those purchases. **Defendants** purchased PCBs from Old Monsanto by contacting Old Monsanto in Missouri by telephone and by sending purchase orders to Old Monsanto in Missouri. (Pet. ¶ 17.) (emphasis added)

But, as acknowledged in the Amended Petition, "Defendants" are six different companies, with six different businesses, executives, and operating practices, each of which were functioning in different states and during different time periods. A suit-related contact by one Defendant does not satisfy the long-arm statute for another separate legal entity. *Madrinas Brands*, 2022 WL 823055, at *4; *see also Healthmate Int'l, LLC v. French*, 2016 WL 6996177, at *2 (W.D. Mo. Mar. 1, 2016) (finding that analysis of personal jurisdiction "is complicated by Plaintiff's tendency to refer to Defendants collectively instead of individually").

With the exception of the section outlining the execution of each Defendants' SU, Plaintiffs' general allegations referencing Missouri contacts are *never* fully particularized "as to

4

each defendant." At best, Plaintiffs' petition reads as though *each* defendant engaged in *every* action, *every* visit, and *every* communication that any other defendant may have engaged in. These allegations are conclusory and without any logical support. Plaintiffs have not proven that "the requirements of personal jurisdiction [are met] as to each defendant." *Madrinas*, 2022 WL 823055, at *3.

And in the rare instance where such detail is provided, only *certain* Defendants' contacts are pled. For instance, Plaintiffs' allegations regarding "various visits to Old Monsanto in Missouri" refer only to UMC and Westinghouse, and are never alleged with respect to KAVX. (Pet. ¶¶ 64, 75.) The Amended Petition provides no detail at all as to the method of communication through which KAVX allegedly purchased PCBs, the details or frequency of any alleged KAVX purchase orders, or any allegations that KAVX entered into Missouri's jurisdiction at all to facilitate its purchases. Plaintiffs have not and cannot plead allegations specific to KAVX sufficient to confer jurisdiction on a Missouri state or federal court.

  **B.**  **This Court Lacks General Jurisdiction Over KAVX.**

A federal court's general jurisdiction over a defendant corporation is limited to the corporation's place of incorporation and/or its principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014); *Keeley v. Pfizer Inc.*, 2015 WL 3999488, at *2 (E.D. Mo. July 1, 2015). As Plaintiffs correctly allege, KAVX is incorporated in the state of Delaware and maintains its principal place of business in South Carolina. (Pet. ¶ 13.) There is no basis for general jurisdiction here.[7]

---

[7] Plaintiffs have not alleged that "exceptional" circumstances exist such that KAVX's contacts are "so extensive and all-encompassing that Missouri, in effect, becomes another home state." *Hogquist v. PACCAR, Inc.*, 2021 WL 3185045, at *3 (W.D. Mo. July 27, 2021). Indeed, no such facts exist. KAVX's headquarters, offices and facilities are all in different states, as are their assets and employees. (Baskin Aff. ¶¶ 5-7.)

5

### C. This Court Lacks Specific Jurisdiction Over KAVX

Specific jurisdiction exists for non-resident defendants "***only if*** plaintiff can establish that the Missouri long-arm statute applies ***and*** that the non-resident defendants have sufficient minimum contacts with the State of Missouri to satisfy procedural due process." *LaLiberte v. Nickrenz*, 2016 WL 7535361, at *2 (W.D. Mo. Apr. 15, 2016) (emphasis added).

#### 1. Missouri's Long-Arm Statute Does Not Apply

Pursuant to the relevant portion of Missouri's long-arm statute, a Missouri federal court may exercise personal jurisdiction over a defendant only if "[plaintiff] shows that the case falls within at least one of three categories: (1) the transaction of business within the state; (2) the making of a contract within the state; or (3) the commission of a tortious act within the state." Mo. Rev. Stat. § 506.500(1).[8] Failure to make sufficient non-conclusory allegations to support one of these enumerated acts precludes jurisdiction. *See Inst. Food Marketing Assoc., Ltd. v. Golden State Strawberries, Inc.*, 747 F.2d 448, 453-55 (8th Cir. 1984).

##### i. KAVX Did Not "Transact Business" Within Missouri

In order to invoke long-arm jurisdiction pursuant to the transaction of business, Plaintiffs must show that KAVX did, in fact, transact business in Missouri, and that their claims "arose from" those acts. As a general rule, a person or firm "transacts business" by "visiting Missouri or sending its product or advertising here." *Dairy Farmers of Am., Inc. v. Bassett & Walker Intern., Inc.*, 702 F.3d 472, 476 (8th Cir. 2012). Plaintiffs do not allege either with respect to KAVX.

Indeed, Monsanto makes clear its only specific allegations regarding KAVX's possession, handling, use, or disposal of PCBs – the basis for the claims at issue – are that (1) KAVX "used

---

[8] Mo. Rev. Stat. § 506.500 provides six acts which can give rise to jurisdiction. KAVX addresses acts (1) through (3) because acts (4) through (6) plainly do not apply. KAVX owns no property in Missouri (act (4)), KAVX does not insure anyone or anything in Missouri (act (5)), and act (6) relates to the conception of children, which is plainly inapplicable here.

PCBs while manufacturing capacitors ***at a plant in New Bedford, Massachusetts,***" and that allegedly improper disposal led to contamination in Massachusetts, and (2) Aerovox Canada "manufactured capacitors ***in Hamilton, Ontario***" and allegedly caused contamination by improper disposal in that locale. (Pet. ¶¶ 53, 83-90, 148-54 (emphases added).) There are no allegations of possession, handling, use, or disposal of PCBs by KAVX in Missouri.

Plaintiffs' allegation that "Defendants" made purchases in Missouri "by telephone and by sending purchase orders" (*see* Pet. ¶ 17), is also not sufficient to convey long-arm jurisdiction as a matter of law. Even if Plaintiffs' reference to "Defendants" actually referenced KAVX, courts in the Eighth Circuit have consistently found that "the use of the mail or telephone communications, to Missouri is not by itself the transaction of business."[9] Indeed, the Eighth Circuit has declined to confer jurisdiction on Missouri federal courts in cases with far greater contacts than Plaintiffs allege here. In *Scullin Steel Co. v. National Railway. Utilization Corp.*, plaintiff performed part of the contract at issue in Missouri, defendant sent payments to Missouri, and the parties communicated via mail and telephone, but without more, the court affirmed the dismissal for lack of personal jurisdiction. 676 F. 2d 309, 312-13 (8th Cir. 1982). Plaintiffs' Amended Petition alleges fewer business-related contacts than *Scullin*, meaning jurisdiction cannot be grounded in the transaction of business.

### ii.   KAVX Did Not Make a Contract Within Missouri

Plaintiffs also fail on the second possible ground for long-arm jurisdiction: the Aerovox SU is not a Missouri contract. The law is clear that for purposes of long-arm jurisdiction, a contract

---

[9] *E.g.*, *Dairy Farmers of Am.*, 702 F.3d at 746; *Arnold v. AT&T, Inc.*, 874 F. Supp. 2d 825, 833 (E.D. Mo. 2012); *TSE Supply Co. v. Cumberland Natural Gas Co.*, 648 S.W.2d 169, 169 (Mo. App. 1983) (placing an order with a Missouri seller and transmitting payment for said order did not confer jurisdiction); *Johnson Heater Corp. v. Deppe*, 86 S.W.3d 114, 119-20 (Mo. App. 2002); *Shady Valley Park & Pool, Inc. v. Dimmic*, 576 S.W.2d 578, 580 (Mo. App. 1979).

is made where **acceptance** occurs. *See, e.g.*, *Wilson Tool & Die, Inc., v. TBDN - Tennessee Co.*, 237 S.W.3d 611, 615 (Mo. App. 2007) (citing *Johnson Heater Corp. v. Deppe*, 86 S.W.3d 114, 119 (Mo. App. 2002)); *see also Baker Smith Sheet Metal, Inc. v. Wasco Prods., Inc.*, 705 F. Supp. 471, 472 (W.D. Mo. 1989). Plaintiffs' suggestion that "the final act" creating the Aerovox SU was "Old Monsanto's execution of the agreement" (Pet. ¶ 84) is both incorrect and irrelevant. Acceptance here occurred in one of two places: where Plaintiffs performed under the SU or where KAVX signed the contract – neither of which was Missouri.

As discussed in the Memorandum in Support of Cornell-Dubilier Electronics, Inc.'s Motion to Dismiss ("CDE Motion"), the SU is a unilateral contract containing only obligations from KAVX and containing no affirmative obligations or reciprocal promises from Monsanto. Thus, as argued in the CDE Motion and incorporated fully herein, if an agreement formed at all as a result of the SU, it did so when Monsanto *performed* by selling or delivering PCBs to KAVX. Evidence demonstrates that Old Monsanto shipped PCBs from its plant in Illinois but, more importantly at this stage, Plaintiffs do not allege that Old Monsanto ever manufactured PCBs in Missouri or shipped PCBs from Missouri.

Alternatively, even if the SU is not found to be a unilateral contract formed in Illinois, Missouri law is clear that an offer is accepted, and a contract formed, when defendant "sign[s] the contract without any alterations" "or additions, and return[s] it to plaintiff." *Fru-Con Const. Corp. v. Controlled Air, Inc.*, 2008 WL 544715, at *2 (E.D. Mo. Feb. 26, 2008) (rev'd on other grounds)

8

(citing *Johnson Heater Corp.*, 86 S.W. 3d at 119).[10]  Where that execution occurs out of state, the acceptance of the contract *cannot* convey jurisdiction.[11]  *Id.* (emphasis added).

Here, the Aerovox SU was a form document provided by Monsanto to multiple customers (as each of the six different Defendants are alleged to have signed "substantially similar" SUs (Pet. ¶¶ 3, 50).)  Under basic contract law, when Plaintiffs advised KAVX and others that they would not ship any more PCBs unless KAVX and similarly situated customers signed the SU (Pet. ¶¶ 49–50, 91), the precondition to sign the SU to receive PCBs amounted to an *offer* by Monsanto that KAVX *accepted* by signing without altering the proposed terms.  The Aerovox SU were signed by Julius Sonneborn, Vice President of Aerovox and there are no allegations that Mr. Sonneborn signed the document in Missouri (likely because there is no logical basis to make such an allegation).  Where, as here, the amended petition "contain[ed] no factual allegations" that the contracts at issue "were actually made in Missouri (*i.e.*, that acceptance occurred in Missouri)" jurisdiction cannot be conveyed.  *Babb v. Bartlett*, 638 S.W.3d 97, 107 (Mo. App. 2021).

### iii.  KAVX's Alleged "Tortious Act" Was Not Committed in or Directed at Missouri

For personal jurisdiction to exist in Missouri over extraterritorial tortious acts, "defendant must have set in motion some course of action which was deliberately designed to move into Missouri and injure the plaintiff." *Cepia, LLC v. Universal Pictures Visual Programming Ltd.*,

---

[10]  To the extent the arguments proffered by KAVX in these Motions to Dismiss rely on Missouri law to interpret the Aerovox SU, this should not be construed as a concession that Missouri law applies, as the Aerovox SU does not contain a choice-of-law provision.

[11]  Plaintiffs' Amended Petition makes no allegations as to the negotiations of the KAVX SU, but to the extent they later allege that any such negotiations took place in Missouri, this would not save their jurisdictional argument.  *See Baker Smith Sheet Meta*, 705 F. Supp. at 472 (holding that when acceptance occurred out of state, the fact that "all initial negotiations and much of the communication during the performance stage of the contract was conducted [through a] Missouri representative" falls short of this jurisdictional requirement).

9

177 F. Supp. 3d 1129, 142 (E.D. Mo. 2016). Allegations that some "effect" of an out-of-state injury was later experienced in Missouri are not sufficient. *J.H. Berra Paving Co. Inc. v. Legendary Motorcar Co. Ltd.*, 2019 WL 2342448, at *3 (E.D. Mo. June 3, 2019).

This is a contract case, not a tort case.[12]  Plaintiffs make a cursory allegation that KAVX somehow "breached their respective duty of care" to the public at large or consumers of their products by allowing PCBs to be released nationwide (Pet. ¶ 288), but their own allegations make clear KAVX only used PCBs within the state of Massachusetts and in Canada. (Pet. ¶ 53, 83-90, 148-54.)  Even if Plaintiffs had pled that this alleged breach of duty to the public somehow caused some later effect on the people of Missouri—which they have not—they still have not adequately pled that any alleged tort was committed in, or directed at, Missouri specifically.  As discussed herein and in the Joint Motion, the tort claims Monsanto asserts as an afterthought—negligence (Count V) and "equitable contribution" (Count VII, pleaded "in the alternative")—are facially deficient and, thus, cannot serve as a pretext to keep this case in a Missouri court when personal jurisdiction over Monsanto's contract claim is lacking.

> **2.    Personal Jurisdiction Would Violate Due Process Where KAVX Has Never Had Sufficient Minimum Contacts with Missouri**

Even if Plaintiffs had met their burden of making a *prima facie* case that KAVX engaged in one or more of the acts enumerated in the long-arm statute—which they have not—they have not alleged that KAVX or its alleged predecessors have ever had sufficient contacts with Missouri such that conferring jurisdiction would satisfy due process.  Due process mandates that jurisdiction be exercised only if a defendant has "sufficient minimum contacts with the forum state, such that summoning the defendant to the forum state would not offend traditional notions of fair play and

---

[12] Indeed, Monsanto does not even mention tort liability when introducing its petition, asserting only the contractual breaches of the SU. (Pet. ¶ 6.)

substantial justice." *Digi-Tel Holdings, Inc. v. Proteq Telecomms (PTE), Ltd.*, 89 F.3d 19, 522 (8th Cir. 1996). The law is clear that where, as here, the contracts at issue were not negotiated, executed, or performed in Missouri and did not involve goods that originated in or were destined for Missouri, the contacts do not satisfy due process. *See Aaron Ferer & Sons Co. v. Atlas Scrap Iron & Metal Co.*, 558 F.2d 450, 454-56 (8th Cir. 1977); *Dairy Farmers*, 702 F.3d at 478–79.

The Eighth Circuit has also laid out a five-part test to analyze the constitutional requirements needed for personal jurisdiction: (1) the nature and quality of defendant's contacts with the forum state; (2) the quantity of the contacts; (3) the relationship of the cause of action to the contacts; (4) the interest of the forum state in providing a forum to its residents; and (5) the convenience or inconvenience to the parties. *Fastpath*, 760 F.3d at 821.

Indeed, each of the Eighth Circuit's factors weigh in favor of KAVX. *First*, the nature and quality of the contacts are insufficient where, as here, a defendant does not operate, does not have agents, offices, employees, or property in the forum state, and does not regularly send representatives to visit the forum state. *Miller v. Nippon Carbon Co., Ltd.*, 528 F.3d 1087, 1091 (8th Cir. 2008); *Ahmed v. Bangash*, 2014 WL 805869, at *5 (E.D. Mo. Feb. 28, 2014).[13] *Second*, given Plaintiffs' Amended Petition is entirely devoid of any allegation as to the frequency or quantity of any alleged KAVX contacts with Missouri, the second factor weighs in KAVX's favor. *Third*, Plaintiffs cannot show that KAVX "initiated contact with Plaintiff," has "been to Missouri

---

[13] The paltry contacts that Plaintiffs allege between KAVX and Missouri do not satisfy due process. *See Porter v. Berall*, 293 F.3d 1073, 1076 (8th Cir. 2002) (noting that the first factor was not satisfied because "[c]ontact by phone or mail is insufficient to justify exercise of personal jurisdiction under the due process clause"); *Xenos Bioresources, Inc. v. Sioux Biochemical, Inc.*, 2005 WL 1719912, at *4 (E.D. Mo. July 22, 2005) (holding that merely entering into a contract with a forum resident does not provide the requisite contacts between a defendant and a forum state); *Iowa Elec. Light & Power Co. v. Atlas Corp.*, 603 F.2d 1301, 1303 (8th Cir. 1979) (emphasizing that when "all elements of the defendant's performance" take place outside the forum, it is "especially true" that the first factor is not satisfied).

with regard to the alleged wrongful acts," or "participate[d] in the negotiation" of the SU in Missouri, weighing against jurisdiction as to the third factor.  *Ahmed*, 2014 WL 805869, at *6.[14]  It would grossly offend the notions of fair play and substantial justice to hold that KAVX purposefully availed itself of jurisdiction in Missouri.  Indeed, Plaintiffs' entire claim to personal jurisdiction over KAVX amounts to the execution of an agreement with a Missouri company.  "If the question is whether an individual's contract with an out-of-state party *alone* can automatically establish sufficient minimum contacts in the other party's home forum, . . . the answer clearly is that it cannot."  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985) (emphasis in original).

## II. PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR NEGLIGENCE AGAINST KAVX

To state a claim for negligence, plaintiffs must show: (1) a legal duty of the defendant to plaintiff; (2) breach of the duty; (3) proximate cause; and (4) resulting damages.  *Cooper v. Hutcheson*, 472 F. Supp. 3d 509, 517 (E.D. Mo. 2020).  Plaintiffs simply fail to plead the basic elements of a claim for negligence.  *First*, Plaintiffs fail to "show the existence of a duty by the defendant to protect the ***plaintiff*** from injury" as required to establish actionable negligence.  *Vandewarker v. Continental Res., Inc.*, 917 F. 3d 626, 629 (8th Cir. 2019) (emphasis added).  Plaintiffs' allegation that KAVX had a "duty to possess, handle, use, sell, and dispose of PCBs purchased from Old Monsanto with reasonable care so that they would not be released into the environment" (Pet. ¶ 287) fails to allege any duty to ***Plaintiffs***.  In fact, in their only reference to

---

[14] The *fourth* and *fifth* factors are "of secondary importance and not determinative." *Land-O-Nod v. Bassett Furniture Indus, Inc.*, 708 F.2d 1338, 1340 (8th Cir. 1983).  Missouri's interest in providing its residents with a forum cannot make up for the absence of minimum contacts.  *See Digi-Tel Holdings, Inc.*, 89 F.3d, at 525.  Nonetheless, given that the conduct at issue took place over fifty years ago throughout the United States, Plaintiffs cannot reasonably allege that the state has a significant interest in providing its residents with a forum, nor have Plaintiffs identified any relevant witnesses with compelling justifications for trying the case within Missouri.

12

KAVX's alleged breach of this duty, Plaintiffs claim that KAVX "released PCBs into the environment" "while manufacturing capacitors at a plant in New Bedford, Massachusetts on the shore of the New Bedford Harbor" and "in Hamilton, Ontario." (Pet. ¶¶ 149, 154.)  But Plaintiffs do not bring this action on behalf of the people of New Bedford, Massachusetts, or Hamilton, Ontario, because they would not have standing to do so.  Rather, they bring this action on behalf of corporate entities located hundreds of miles away from both of the locations in which KAVX operated.  Plaintiffs do not, and cannot, allege that KAVX owed them any duty in tort in their possession, use, handling, sale, and disposal of PCBs in New Bedford, Massachusetts and Ontario, Canada.  Absent any such allegation, Plaintiffs have failed to state a claim for negligence.

*Second*, Plaintiffs have not and cannot allege that the injury for which they seek damages "resulted from" KAVX's purported conduct in possessing, handling, using, selling, or disposing of PCBs.  The failure to establish a causal connection between the alleged negligent act and the injury alleged requires dismissal of the claim.  This lack of causation is highlighted by the damages sought by Plaintiffs.  Plaintiffs premise their negligence claim on an alleged breach of duty to the public in Massachusetts and Canada, but seek recovery for legal "costs of defending the PCB Lawsuits." (Pet. ¶ 290.)  In other words, Plaintiffs are seeking indemnification, not damages caused by KAVX's purported breach of duty. This is improper.[15]  Failure to plead duty, causation or

---

[15] As a matter of law, Plaintiffs cannot circumvent the pleading requirements for breach of contract by making a duplicative negligence allegation. Missouri federal and state courts have explicitly rejected this strategy. *See, e.g.*, *White v. BAC Home Loans Servicing, L.P.*, 2011 WL 1483919, at *11-12 (E.D. Mo. Apr. 19, 2011) ("When the relationship between plaintiffs and defendants is one of contractual obligation, not of duty, plaintiffs cannot fulfill [the first] element of a negligence claim" and "a mere breach of contract does not provide a basis for a cause of action for negligence."); *Preferred Physicians Mut. Mgmt. Group v. Preferred Physicians Mut. Risk Retention*, 918 S.W.2d 805, 814 (Mo. App. 1996) ("A mere failure to complete the undertaking required by contract would not give rise to a cause of action in tort; the remedy for such failure to act would lie in contract.").

related damages are each independent reasons to dismiss the negligence claim. *See, e.g.*, *Fambrough v. General Motors, LLC*, 2020 WL 13518495, at *2 (W.D. Mo. Apr. 6, 2020).

*Finally*, Plaintiffs' claim fails because it is barred by the economic loss doctrine.[16]

### III.  CLAIMS BARRED BY THE STATUTE OF LIMITATIONS MUST BE DISMISSED

The statute of limitations for indemnification or contribution claims is five years (Mo. Rev. Stat. § 516.120(1)) and begins to run at the time of settlement or judgment. *See, e.g.*, *Greenstreet v. Rupert*, 795 S.W.2d 539, 541-43 (Mo. App. 1990). Plaintiffs filed their Amended Petition on August 3, 2022, and any claims for settlements, judgments, or other payments made before August 3, 2017 are time barred and should be dismissed. (*See, e.g.*, Pet. ¶ 176.)[17]

### CONCLUSION

For the reasons discussed above, this Court should (1) dismiss Monsanto's First Amended Petition in its entirety as to KAVX for lack of personal jurisdiction; (2) dismiss Count V (negligence) for failure to state a claim upon which relief can be granted; or (3) dismiss Monsanto's First Amended Petition as to KAVX to the extent it is barred by the statute of limitations.

---

[16] KAVX incorporates by reference and joins in Section III of the CDE Motion.

[17] To the extent Plaintiffs seek to rely on the relation back doctrine and Fed. R. Civ. P. 15(c), the doctrine is inapplicable where Plaintiffs are attempting to use an "amended" petition to add five brand new defendants that had no relation or affiliation with the original defendant. There is no basis for Monsanto to argue that the original Petition provided sufficient notice of the action to KAVX such that it will not be prejudiced in defending on the merits. *See Lee v. Airgas Mid-South, Inc.*, 793 F.3d 894, 897 (8th Cir. 2015); *Brown v. E.W. Bliss Co.*, 818 F.2d 1405, 1405 (8th Cir. 1987); *Asarco LLC v. NI Industries, Inc.*, 106 F. Supp. 3d 1015, 1039 (E.D. Mo. 2015). Monsanto chose to sue only a single defendant in 2017 and it should be restricted by the statute of limitations with respect to new claims against new defendants it delayed in filing.

        */s/ David B. Helms*
        David B. Helms    #48941(MO)
        GM LAW PC
        8000 Maryland Avenue, Suite 1060
        St. Louis, MO 63105
        314-474-1750
        Fax:  (816) 471-2221
        Email:  Davidh@gmlawpc.com

        Benjamin D. Mooneyham   #65341(MO)
        GM LAW PC
        1201 Walnut Street, Suite 2000
        Kansas City, MO 64106
        (816) 471-7700
        Fax:  (816) 471-2221
        Email:  benm@gmlawpc.com

        LisaMarie Collins (*pro hac vice*)
        Kaitlyn A. Crowe (*pro hac vice*)
        Nicholas A. Butto (*pro hac vice*)
        MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
        AND POPEO, P.C.
        919 Third Avenue
        New York, NY 10022
        (212) 935-3000
        Fax:  (212) 983-3115
        Email:  LCollins@mintz.com
        Email:  KACrowe@mintz.com
        Email:  NAButto@mintz.com

        ***Attorneys for Kyocera AVX Components Corp.***

## CERTIFICATE OF SERVICE

    I hereby certify that on May 1, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel and parties of record who have appeared.

        */s/ David B. Helms*
        David B. Helms