# Exhibit P

# Monsanto

MONSANTO INDUSTRIAL CHEMICALS CO.
800 N. Lindbergh Boulevard
St. Louis, Missouri 63166
Phone: (314) 694-1000

January 10, 1972

Mr. Ronald Harrington
Aerovox Corporation
730 Belleville Avenue
New Bedford, Massachusetts 02741

Dear Mr. Harrington:

Confirming our telephone conversation of today with reference to the "special undertaking of purchasers of polychlorinated biphenyls" memo, here is the extra information we would like to have on a confidential basis.

    A statement of your company's net worth.

    A statement as to the liability coverage you have, with whom, and the effective date of such coverage.

    Your current assets to liability ratio.

In addition, information regarding the following would be helpful:

    Uses for PCB's and the disposition or redistribution by Aerovox of its PCB-containing products.

    Dollar value of Aerovox's PCB-containing products and other sales volume.

0525922

Number and location of Aerovox consuming plants and any distribution network.

Security measures in effect by Aerovox to protect against misuse, spillage or other escape to environment.

Aerovox's policy with respect to notification of its customers as to possible hazards of PCB's.

Aerovox's quality control procedures for PCB-containing products.

Statistical data on Aerovox's experience with frequency of leakage of PCB-containing products.

We would appreciate this information no later than January 14 so that if there are any further questions we can discuss them with you prior to January 17.

We sincerely appreciate your cooperation in this matter.

Very truly yours,

Howard S. Bergen, Director
Specialty Products Group

HSB:jk

0525923

January 24, 1972

Mr. Ronald Harrington
Aerovox Corporation
730 Belleville Avenue
New Bedford, Massachusetts 02741

Dear Mr. Harrington:

Recently we discussed the "special undertaking by purchasers of polychlorinated biphenyls."

We understand you are working on attaining the required $10M product liability insurance which is required. We have not heard from you lately and, as you know, we have not been supplying anyone with these products since January 15 who have not completed the requirements.

We would be pleased to learn of your status and whether there is any further information we can furnish you.

Sincerely,


H. S. Bergen, Director
Specialty Products

/jf
cc: Mr. Ed Frances
    Aerovox

0525921



Aerovox Corporation
New Bedford
Massachusetts 02741
(617) 994-9661 Cable: AVX

**Executive Offices**

January 28, 1972

Monsanto Company
Org. Chemical Division
800 N. Lindbergh Blvd.
St. Louis, Missouri   63166

Gentlemen:

Enclosed is our purchase order for our next shipment of Aroclor.

I am also enclosing a draft of what we think is an acceptable agreement which would provide indemnity protection for Monsanto.

Very truly yours,

AEROVOX CORPORATION

*Wendell Koch*

WK/db

Wendell Koch
Manager - Purchasing

cc:  H. S. Bergen

Monsanto Legal Dept.

*Order for 2/3/72*

0525911

AGREEMENT made and entered into on _____ 1972, between AEROVOX CORPORATION, a corporation organized and existing under the laws of the Commonwealth of Massachusetts, and having its principal place of business in New Bedford, Massachusetts (hereinafter called the "Buyer"), *Aerovox Canada Limited, a wholly-owned subsidiary of the Buyer* and Monsanto Industrial Chemicals Co. (hereinafter called the "Seller").

WHEREAS:

(a) Seller is the sole domestic manufacturer of certain products containing polychlorinated biphenyls ("PCB's"), including that which is sold under the Trademark "Aroclor".

(b) Buyer is a manufacturer of capacitors and requires Aroclor *to its specifications* for the present production of its products.

(c) There is evidence that PCB's tend to persist in the environment and that in the light of this evidence reasonable care is required in the manufacture, handling, shipping, possession, use and disposition of PCB's.

(d) Seller is requesting that all buyers of products containing PCB's make certain undertakings as provided herein.

0525912

(e) Buyer, in order to assure that Seller will continue to make Aroclor available for purchase by Buyer, wishes to make certain undertakings.

NOW, THEREFORE, the parties hereto, in consideration of the mutual promises herein contained, agree as follows:

1. <u>Buyer's Undertakings.</u> The Buyer shall defend, indemnify and hold harmless the Seller from and against any and all loss or damage, including costs and expenses, excepting that which arises out of or in connection with the negligence of the Seller, due to contamination of or adverse effect on humans, marine or wildlife, food, animal feed or the environment by reason of such PCB's, arising out of the Buyer's receipt, possession, handling, use, sale or disposition of Aroclor, whether the Aroclor is alone or is in combination with other substances.

2. <u>Term and Termination</u>. This Agreement shall become effective on the day of the first shipment of Aroclor by the Seller to the Buyer after the date hereof and shall continue in effect until terminated. The Buyer may terminate this Agreement by notice to the Seller. Such termination shall affect purchases of Aroclor by the Buyer after the giving of such notice.

0525913

-3-

DRAFT-January 28, 1972

3. <u>Notice of Claims against Seller</u>. Seller shall immediately notify Buyer in writing of the occurrence of any event that is likely to cause loss or damage to Seller relating to the Buyer's undertakings hereunder.

4. <u>Obligations of Seller</u>.

(a) Seller shall continue to sell and deliver Aroclor to Buyer under agreements now or hereafter in effect.

(b) Seller shall use its best efforts to develop a practicable substitute for PCB's used in Aroclor.

5. <u>Modifications of this Agreement</u>.

(a) No conditions, understandings or agreements purporting to modify or vary the terms hereof shall be binding unless hereafter made in writing specifically referring to this agreement and signed by the party to be bound.

(b) No modification or variance of this Agreement shall be effected by the acknowledgment or acceptance of any sale document, purchase order, shipping instruction or other forms containing terms or conditions at variance therewith.

0525914

IN WITNESS WHEREOF, the Buyer and the Seller have caused this Agreement to be duly executed as of the day and year first above written.

MONSANTO INDUSTRIAL CHEMICALS CO.      AEROVOX CORPORATION

By_____      By_____

Case: 4:23-cv-00204-HEA   Doc. #: 105-17   Filed: 06/09/23   Page: 10 of 10 PageID #: 5357

1972 FEB 3 PM 3 27

MONSANTO SL A

NBED AEROVOX

2-3-72

ATTN HOWARD BERGEN

THIS IS TO ADVISE YOU THAT AEROVOX CORPORATION AND ITS SUBSIDIARY AEROVOX CANADA LTD WILL EXECUTE, WITHOUT CHANGE, THE SPECIAL UNDERTAKING BY PURCHASERS OF POLYCHLORINATED BIPHENYLS. DOCUMENTS TO FOLLOW. ROBERT CHAPMAN WILL BE CONTACTED RE INSURANCE COVERAGE. PRESENT AROCLOR INVENTORY 53,000 LBS OR NINE DAY SUPPLY. IMPERATIVE SHIPMENT BE MADE AS SOON AS POSSIBLE.

W. KOCH

ANAGER PURCHASING

AVX-AEROVOX

N.B. MASS.

END DMM

0525910