# Exhibit H

| | |
|---|---|
| **MAGNETEK, INC,** | : |
| | : SUPERIOR COURT OF NEW JERSEY |
| **Plaintiff,** | : LAW DIVISION: BERGEN COUNTY |
| | : |
| **vs.** | : |
| | : Docket No.: BER-L-3362-17 |
| **MONSANTO COMPANY, PHARMACIA** | : |
| **LLC f/k/a MONSANTO, and SOLUTIA, INC.,** | : Civil Action |
| | : |
| **Defendants.** | : |
| | : |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' RENEWED MOTION TO DISMISS FOR FAILURE TO JOIN INDISPENSABLE PARTIES**

**PASHMAN STEIN WALDER HAYDEN, P.C.**
Michael S. Stein, Esq. (037351989)
Matthew E. Frisch, Esq. (077482014)
21 Main Street
Court Plaza South, Suite 200
Hackensack, NJ 07106
(201) 488-8200
mstein@pashmanstein.com
mfrisch@pashmanstein.com

And

**THOMPSON COBURN LLP**
Christopher M. Hohn (admitted *pro hac vice*)
Nicholas J. Lamb (*pro hac vice* pending)
David M. Mangian (*pro hac vice* pending)
One US Bank Plaza
St. Louis, Missouri 63101
(314) 552-6000
(314) 552-7000 (Facsimile)
chohn@thompsoncoburn.com
nlamb@thompscoburn.com
dmangian@thompsoncoburn.com

And

**BRYAN CAVE LEIGHTON PAISNER LLP**
A. Elizabeth Blackwell (admitted pro hac vice)
Richard P. Cassetta (pro hac vice motion filed)
Herb R. Giorgio, Jr. (pro hac vice motion to be filed)
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
(314) 259-2000 (telephone)
(314) 259-2020 (fax)
liz.blackwell@bclplaw.com
richard.cassetta@bclplaw.com
herb.giorgio@bclplaw.com

*Attorneys for Defendants,*
*Monsanto Company, Pharmacia LLC*
*f/k/a Monsanto, and Solutia Inc.*

Dated: September 21, 2022

results in this lawsuit, and will remain free to pursue their claims against Magnetek in the St. Louis Action. Thus, this Court and the Missouri court could reach inconsistent decisions regarding Magnetek's liability under the Special Undertaking. Old Monsanto's lack of interest in vigorously defending against Magnetek's claims in this action—considering its assignment of rights to Solutia and the fact that New Monsanto is funding the ongoing defense and resolution of the PCB lawsuits—only exacerbates the risk of inconsistent results.

The disposition of this lawsuit without Solutia and New Monsanto creates a real risk of inconsistent obligations being imposed on Magnetek. In those circumstances, joinder is required. Rule 4:28-1 "protects all of society from repetitious, abortive, and wasteful litigation." Cogdell, 560 A.2d at 1174. It is "concerned with the completeness, soundness, and finality of the ultimate determination of a legal controversy." Id. Those principles apply here and require the joinder of both Solutia and New Monsanto.

**B. Solutia and New Monsanto Cannot Be Joined Because They Are Not Subject To Personal Jurisdiction In New Jersey**

As explained in their renewed motion to dismiss filed contemporaneously herewith, Solutia and New Monsanto are not subject to personal jurisdiction in New Jersey. Because the Court cannot exercise personal jurisdiction over New Monsanto or Solutia, they cannot be joined to this lawsuit. See Camden Iron & Metal, Inc. v. Klehr, Harrison, Harvey, Branzberg & Ellers, LLP, 894 A.2d 94, *99 (N. J. Super. Ct. App. Div. 2006) (recognizing that parties were not joined because there was a lack of personal jurisdiction).

**C. This Case Should Be Dismissed Because It Cannot Proceed Without Solutia Or New Monsanto**

Rule 4:28-1(b) provides that "[i]f a person should be joined pursuant to R. 4:28-1(a) but cannot be served with process, the court shall determine whether it is appropriate for the action to

proceed among the parties before it, or should be dismissed, the absent person being regarded as indispensable." R. 4:28-1(b). In deciding whether to dismiss this action, the Court must consider the following four factors: (1) "the extent to which a judgment rendered in the person's absence might be prejudicial to that person or those already parties," (2) "the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided," (3) "whether a judgment rendered in the person's absence will be adequate," and (4) "whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder." R. 4:28-1(b) . Each factor favors dismissal here.

First, a judgment finding the Special Undertaking unenforceable would prejudice Solutia's and New Monsanto's rights because Solutia is the assignee of Old Monsanto's right to enforce the Special Undertaking, and New Monsanto's right to receive reimbursement for funds expended in defense of the PCB lawsuits depends on Solutia's ability to enforce the Special Undertaking against Magnetek. It is well-established that an action to void or set aside a contract cannot proceed without all parties to the contract and all those who have an interest in the contract. See Weissbard, 69 A.2d at 561 ("A contract may not be declared null and void in the absence of a party to the contract."); Acton Co., Inc., 668 F.2d at 81-82 ("[A]n action seeking rescission of a contract must be dismissed unless all parties to the contract, and others having a substantial interest in it, can be joined."); Lomayaktwea v. Hathaway, 520 F.2d 1324, 1325 (9th Cir. 1975), cert. denied, 425 U.S. 903 (1976) ("No procedural principle is more deeply imbedded in the common law than that, in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable."); Naartex Consulting Corp. v. Watt, 722 F.2d 779, 788 (D.C. Cir. 1983) (quoting Acton Co., Inc., 668 F.2d at 81-82 and collecting cases) ("Numerous cases hold

that 'an action seeking rescission of a contract must be dismissed unless all parties to the contract, and others having a substantial interest in it, can be joined.'").

Those that have an interest in a contract sufficient to make them an indispensable party include assignees of contractual rights, like Solutia. See Naartex Consulting Corp., 722 F.2d at 788-89 ("[P]arties who hold…assignments…are indispensable parties . . . the district court properly refused to proceed with the action in their absence, considering the availability of an alternative forum in Wyoming where personal jurisdiction might be achieved."); Denkmann Assocs. v. Int'l Paper Co., 132 F.R.D. 168, 178 (M.D. La. 1990) ("[A]n assignee of an agreement is generally an indispensable party to an action to terminate that agreement."); Holliday v. Long Mfg. Co., 18 F.R.D. 45, 47 (E.D.N.C. 1955) (assignee of patent "is an indispensable party in a patent infringement case"); Rader v. Mfrs. Cas. Ins. Co. of Philadelphia, 242 F.2d 419, 428 (2d Cir. 1957) ("By virtue of the assignment Newman and Cowen possess a present property or pecuniary interest in the basic subject matter of this action. This is sufficient to constitute them 'indispensable' parties…."); Flynn v. Brooks, 105 F.2d 766, 767-68 (D.C. Cir. 1939).

Second, this Court cannot, by the "shaping of relief or other measures," prevent a judgment in this case from potentially prejudicing Solutia and New Monsanto's rights. The only relief sought in this action is a declaratory judgment regarding the validity and enforceability of the Special Undertaking. There is no way for the Court to prevent a judgment in this case from impacting the ability of Solutia and New Monsanto to protect and enforce their rights and interests under and relating to the Special Undertaking.

Third, as noted above, a judgment rendered in the absence of Solutia and New Monsanto will not be adequate because it will not finally resolve the litigation among the parties relating to the Special Undertaking. New Monsanto and Solutia will remain free to continue pursuing their

Special equities support the Court exercising its discretion and dismissing this preemptively filed "placeholder" declaratory judgment action in favor of the St. Louis Action.

## CONCLUSION

For the reasons set forth above, this Court should dismiss the Complaint because the Court has no jurisdiction over indispensable parties to the action or, alternatively, the Court should dismiss the Complaint on grounds of comity.

Dated: September 21, 2022

Respectfully Submitted,

*/s/ Michael S. Stein*

**PASHMAN STEIN WALDER HAYDEN, P.C.**
Michael S. Stein, Esq. (037351989)
Matthew E. Frisch, Esq. (077482014)
21 Main Street
Court Plaza South, Suite 200
Hackensack, NJ 07106
(201) 488-8200
mstein@pashmanstein.com
mfrisch@pashmanstein.com

**THOMPSON COBURN LLP**
Christopher M. Hohn (admitted *pro hac vice*)
Nicholas J. Lamb (*pro hac vice* motion pending)
David M. Mangian (*pro hac vice* motion pending)
One US Bank Plaza
St. Louis, Missouri 63101
(314) 552-6000
(314) 552-7000 (Facsimile)
chohn@thompsoncoburn.com
nlamb@thompscoburn.com
dmangian@thompsoncoburn.com

**BRYAN CAVE LEIGHTON PAISNER LLP**
A. Elizabeth Blackwell (admitted pro hac vice)
Richard P. Cassetta (*pro hac vice* motion pending)
Herb R. Giorgio, Jr. (*pro hac vice* motion pending)

One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
(314) 259-2000 (telephone)
(314) 259-2020 (fax)
liz.blackwell@bclplaw.com
richard.cassetta@bclplaw.com
herb.giorgio@bclplaw.com

*Attorneys for Defendants,*
*Monsanto Company, Pharmacia LLC*
*f/k/a Monsanto, and Solutia Inc.*