# Exhibit 11



Paul L. Knobbe  |  Partner
Direct 314.446.3354  |  pknobbe@goldbergsegalla.com

February 13, 2023

**Sent Via Federal Express, Overnight Delivery**
The Kraft Heinz Company
200 East Randolph Street
Chicago, Illinois  60601
Attn: General Counsel

**Sent Via Federal Express, Overnight Delivery**
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, NY 10019
Attn: Daniel A. Neff, Esq,

  Re: Request for Indemnification in Matters Relating to Monsanto Company v. Magnetek, Inc. et al

Dear Sir or Madam:

  On November 17, 2022, our client The Gillette Company LLC[1] ("Gillette") was named as a defendant in a lawsuit filed in St. Louis County Circuit Court, Missouri (Cause No. 17SL-CC03368) captioned Monsanto Company et al. v. Magnetek, Inc. et al. (the "Matter") concerning alleged liability for polychlorinated biphenyl environmental impacts that allegedly relate to historical activities of a number of companies including P.R. Mallory & Co. Inc. ("Mallory").  The Matter incorrectly alleges that Gillette is the successor of the Mallory liabilities.  Gillette was served with Plaintiffs' First Amended Petition on November 16, 2022, and by agreement of counsel, Gillette has not yet filed any responsive pleading, the current deadline for which is February 27, 2023.

  On information and belief and after reasonable inquiry with counsel for plaintiffs, Gillette has determined that the liability alleged against Gillette in the Matter relates to the former Mallory Components Group business and not the former Mallory battery business.  As a result and as detailed below, Gillette tenders this Matter to The Kraft Heinz Company (as successor to Kraft, Inc.) ("Kraft") to indemnify and hold Gillette harmless against all liabilities arising from the Matter and to undertake, conduct and control, through counsel of its own choosing and at its own expense, the settlement or defense thereof.

  Gillette and Kraft have addressed similar situations previously and Kraft has accepted its responsibility for Mallory Components Group liabilities.  The following summarizes Gillette's understanding of Mallory's history.  In 1935, Mallory was incorporated and over time operated a

---

[1]  On September 1, 2016, The Gillette Company was merged into The Gillette Company LLC.

**OFFICE LOCATION** 8000 Maryland Avenue, Suite 640, St. Louis, MO 63105-3752  |  **PHONE** 314-446-3350  |  **FAX** 314-446-3360  |  **www.goldbergsegalla.com**
CALIFORNIA  |  CONNECTICUT  |  FLORIDA  |  ILLINOIS  |  NEW JERSEY  |  NEW YORK  |  NORTH CAROLINA  |  MARYLAND  |  MISSOURI  |  PENNSYLVANIA
33564528.v1

February 13, 2023
Page 2

battery business (that later came to operate under the Duracell name) and also a variety of non-battery businesses making and selling an extensive array of products, including without limitation, electromechanical and industrial timers, solid-state control systems, synchronous motors, electronic assemblies, electromagnetic components, carbon and wire wound controls, resistors, switches, aluminum and tantalum electrolytic capacitors, motor run electrostatic capacitors and audible signal devices ("Components Group"). See, e.g., Attachment A, Purchase Agreement Between Emhart Industries, Inc. and P.R. Mallory & Co. Inc., section 3.

In 1978, Dart Industries Inc. purchased control of Mallory via a stock purchase. In 1979, Mallory sold via an asset sale its Components Group businesses to Emhart Industries, Inc. but retained the battery business and the battery business liabilities as well as the pre-sale environmental liabilities associated with the non-battery business. See, e.g., Attachment A, Purchase Agreement Between Emhart Industries, Inc. and P.R. Mallory & Co. Inc., section 6.

Over time and as a result of various corporate transactions and name changes, the Mallory battery business operated under Duracell International, Inc., a wholly owned subsidiary of Dart & Kraft, Inc., and then Duracell, Inc., which became a wholly owned subsidiary of Dart Industries, Inc., subsequently Kraft, Inc. In 1988, Duracell Holdings Corporation purchased Duracell, Inc. from Kraft, Inc., whereby Kraft, Inc. retained Mallory historic environmental liabilities related to Components Group businesses which Mallory had sold in 1979. See, e.g., Attachment B, Stock Purchase Agreement by and between Kraft, Inc. and Duracell Holdings Corporation dated May 4, 1988, as amended and restated as of June 23, 1988, ("Kraft Agreement").

In 1996, Gillette purchased Duracell, Inc. and merged the Duracell assets and liabilities into Gillette. In 2005, Gillette became a wholly owned subsidiary of P&G. In February 2016, P&G closed the sale of Gillette's Duracell business to Berkshire Hathaway, Inc. and thereby sold to The Duracell Company and its subsidiaries all of P&G's right, title and interest in and to all assets that were primarily related to P&G's Duracell business.

As noted above, pursuant to the Kraft Agreement in 1988, Duracell Holdings Corporation purchased the stock of Duracell, Inc. from Kraft, Inc. Pursuant to the Kraft Agreement, Article I (Certain Definitions), "Seller Liability" retained by Kraft, Inc. includes any claim that ". . . does not arise out of or relate to the Battery Business . . . " and " . . . arises out of or relates to . . . the past or present use or discharge . . . into the environment . . . of substances alleged to be or become hazardous or polluting . . ." Further, in Section 10.2 of the Kraft Agreement, Kraft Inc. agreed to indemnify and hold Duracell Holdings Corporation harmless against all "Seller Liabilities." Therefore, Kraft continued to own and be responsible for any environmental-related liability of the former Mallory Components Group, and Gillette never owned or inherited such liability.

The liability alleged in the Matter is a Seller Liability (as defined in the Kraft Agreement) owned by Kraft because it relates to Mallory operations that were not part of the Mallory Battery Business and it involves alleged past discharges to the environment. [Plaintiffs' First Amended Complaint alleges that P.R. Mallory manufactured PCB-impregnated electrostatic AC capacitors at a facility in Waynesboro, Tennessee between 1969 and 1978. Accordingly, pursuant to Section 10.3 of the Kraft Agreement, Gillette (as successor-in-interest to Duracell Holdings Corporation)

February 13, 2023
Page 3

hereby requests Kraft (as successor to Kraft, Inc.) to indemnify and hold it harmless against all liabilities arising from the Matter and to "undertake, conduct and control, through counsel of its own choosing and at its own expense, the settlement or defense thereof."

Gillette would appreciate Kraft's prompt attention to this matter and a response to this request. If you have any questions about this request or if I can supply additional information, please contact me

                                    Very truly yours,

                                     */s/ Paul L. Knobbe*
                                  Paul L. Knobbe

PLK:mg
Attachments

33564528.v1