# Exhibit 12

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, D.C.  20036-5306
Tel 202.955.8500
gibsondunn.com

Stacie B. Fletcher
Direct: +1 202.887.3627
Fax: +1 202.530.4229
SFletcher@gibsondunn.com

April 25, 2023

VIA ELECTRONIC MAIL

Robert S. Faxon
Jones Day
901 Lakeside Avenue
Cleveland, OH 44114-1190

John Allen
Goldberg Segalla
8000 Maryland Avenue, Suite 640
St. Louis, MO 63105-3752

Re:   Request for Indemnification in Matters Relating to Monsanto Company v. Magnetek, Inc. et al.

Counsel:

I am writing on behalf of The Kraft Heinz Company ("Kraft Heinz") in response to your February 13, 2023 letter requesting defense and indemnification regarding the lawsuit filed in St. Louis County Circuit Court, Missouri (Cause No. 175SL-CC03368) captioned Monsanto Company et al. v. Magnetek, Inc. et al. (the "Matter") concerning alleged liability arising out of the manufacture and sale of polychlorinated biphenyl-containing products allegedly resulting in third-party property damage, personal injury and bodily injury related to the historical activities of a number of companies, including P.R. Mallory & Co. Inc. ("P.R. Mallory").

Subject to the conditions stated in this letter, Kraft Heinz, as the successor to Kraft, Inc., agrees to indemnify and hold harmless The Gillette Company LLC ("Gillette"), as successor in interest to Duracell Holdings Corporation, pursuant to that certain Stock Purchase Agreement, dated as of May 4, 1988, by and between Kraft, Inc. and Duracell Holdings Corporation, as amended and restated as of June 23, 1988 (the "Stock Purchase Agreement").[1] Kraft Heinz further agrees to "undertake, conduct and control, through counsel of [its] own choosing and [its] own expense, the settlement or defense" of the Matter.  Kraft Heinz agrees

---

[1]   *See* Stock Purchase Agreement, §10.2 (b) (setting forth indemnification obligations from "Seller Liability based on negligence, gross negligence, strict liability or any other theory of liability . . ."); *see also id.*, §1.13 (defining "Seller Liability" to be a "Covered Business Liability" that "does not arise out of or relate to the Battery Business" and that "arises out of or relates to . . . the past or present use . . . of substances alleged to be hazardous . . . or from exposure to such substances . . . .").

Abu Dhabi · Beijing · Brussels · Century City · Dallas · Denver · Dubai · Frankfurt · Hong Kong · Houston · London · Los Angeles
Munich · New York · Orange County · Palo Alto · Paris · San Francisco · Singapore · Washington, D.C.

**GIBSON DUNN**

April 25, 2023
Page 2

to submit only that portion of Gillette's fees that were incurred by Goldberg Segalla in defending the Matter since the date of the tender (February 13, 2023) to the date of this acceptance to insurance, along with Kraft Heinz's tender of this action and Kraft Heinz's fees, but otherwise will not agree to reimburse Gillette or related companies for any attorneys' fees and/or expenses incurred prior to this acceptance.  Kraft Heinz does not expect Gillette or related companies to incur any future costs or expenses related to the Matter.  If Gillette expects it will incur any such future costs, please contact us before incurring such costs.  Notwithstanding the foregoing, and as discussed during our teleconference on April 13, 2023, we trust that Gillette will, in accordance with section 10.3 of the Stock Purchase Agreement, reasonably cooperate with Kraft Heinz in its defense of the Matter going forward, including by providing any and all relevant documents and legal work product relating to the Matter collected and prepared to date, as well as in the submission and pursuit of recovery of costs from insurance.

Kraft Heinz reserves all rights and defenses as to the propriety of any requests for reimbursement of costs incurred to date or in the future by The Procter & Gamble Company ("P&G"), Gillette, or related companies, including any P&G predecessors, successors, subsidiaries, or assigns.  Moreover, this letter is based on information known to date about the Matter, which Gillette claims does not involve the conduct or operations of P.R. Mallory's Battery Business (as defined in the Stock Purchase Agreement).  The liability for the Battery Business followed Duracell, Inc. (together with Duracell Holdings Corporation, "Duracell") and would not trigger an indemnification obligation in favor of Duracell under the Stock Purchase Agreement.  If additional information comes to light that brings some or all of the alleged liability at issue in the Matter within the scope of the Battery Business, Kraft Heinz reserves all of its rights under the Stock Purchase Agreement, including the right to seek reimbursement of past costs as appropriate.

Should you have any questions regarding this letter, please feel free to contact me at your convenience.

Sincerely,

Stacie B. Fletcher


cc:   The Kraft Heinz Company
      200 East Randolph Street
      Chicago, IL 60601
      Attn:  Stephen Mahieu; Caroline Teichner