# EXHIBIT A

# EXHIBIT A

## STATEMENT OF CONFIRMATION OF RIGHT TO RECOVERY UNDER INSURANCE POLICIES ISSUED TO OR COVERING P.R. MALLORY & COMPANY, INC.



**WHEREAS**, P. R. Mallory & Company, Inc. ("Mallory") formerly conducted capacitor manufacturing operations in, among other places, Crawfordsville, Indiana ("Crawfordsville") and Waynesboro, Tennessee ("Waynesboro");

**WHEREAS**, Mallory purchased general liability insurance policies from insurance companies that, among other things, provide coverage for liabilities resulting from Mallory's operations in Crawfordsville and Waynesboro;

**WHEREAS**, Mallory changed its name to Duracell Inc. in 1980 after its acquisition by Dart Industries, Inc. ("Dart");

**WHEREAS**, Dart and Kraft, Inc. combined to form Dart & Kraft, Inc. in 1980;

**WHEREAS**, Duracell became a subsidiary of Dart & Kraft, Inc.

**WHEREAS**, Dart & Kraft, Inc. changed its name to Kraft, Inc. in 1986, with Duracell remaining a subsidiary of Kraft;

**WHEREAS**, Kraft, Inc. sold its ongoing Duracell battery business to a company organized by Kohlberg, Kravis & Roberts ("KKR") in 1988, and subsequently The Gillette Company purchased the ongoing Duracell battery business;

**WHEREAS**, Kraft, Inc. remained legally obligated for the liabilities for which it is seeking insurance coverage resulting from Mallory's Crawfordsville and Waynesboro operations following its sale of the battery business;

**WHEREAS**, Kraft, Inc. merged with General Foods Corp. in 1989 to form Kraft General Foods, Inc.;

**WHEREAS**, Kraft General Foods, Inc. subsequently changed its name to Kraft Foods, Inc. and then to Kraft Foods North America, Inc. ("Kraft");

**WHEREAS**, Kraft was and remains legally obligated to pay substantial sums in money damages, and related costs, concerning property damage resulting from Mallory's operations at Crawfordsville and Waynesboro;

**WHEREAS**, Kraft is a plaintiff in a lawsuit pending in Montgomery County, Indiana styled *P.R. Mallory & Company, Inc. v. American States Insurance Company*, Montgomery Circuit Court Cause No. 54C01 0005 CPO156 (the "Lawsuit");

**WHEREAS**, in the Lawsuit, Kraft seeks recovery from Mallory's general liability insurance companies for, among other things, the damages that Kraft is, was and will be legally obligated to pay resulting from Mallory's operations in Crawfordsville, Waynesboro and otherwise;

**WHEREAS**, Kraft has the right to Mallory insurance for liabilities for which it is responsible arising out of the ownership and operation of Mallory, including specifically Mallory's capacitor business and discontinued operations ("Kraft's Mallory Liabilities");

    **WHEREAS**, the insurance companies that sold general liability insurance coverage to Mallory assert that Kraft does not have any right to seek recovery under the Mallory policies for the property damage that Kraft was legally obligated to pay resulting from the Mallory operations at Crawfordsville and Waynesboro;

    **NOW, THEREFORE**, Kraft and Duracell confirm the following:

1. Kraft's right to seek recovery under general liability insurance policies issued to or covering Mallory has always been related to Kraft's legal obligation to pay damages, and other costs and expenses, resulting from Mallory's ownership and operations, specifically Kraft's Mallory Liabilities;

2. To the extent that Kraft is, was or becomes legally obligated to pay for property damage resulting from Mallory's operations at Crawfordsville and Waynesboro, or any other Kraft Mallory Liability, Kraft therefore is entitled to seek recovery under the general liability insurance policies that cover these Mallory operations including (without limitation) these in Crawfordsville and Waynesboro;

3. Duracell does not seek recovery under the Mallory general liability insurance policies for the claims and liabilities resulting from Mallory's ownership and operations in Crawfordsville and Waynesboro that are at issue in the Lawsuit, or otherwise;

4. This agreement confirms, restates and reaffirms the right to seek recovery under the Mallory general liability insurance policies that were vested in Kraft either by operation of law, by prior agreement, or by both, and should not be construed to be an assignment by or to Kraft of the Mallory general liability insurance policies, or an admission of any kind whatsoever.

5. Notwithstanding anything to the contrary contained herein, this statement does not: (a) prejudice, modify or affect in any way any rights that existed prior to this statement, or (b) create any rights that did not exist prior to this statement.

Kraft Foods North America, Inc.

By: _____
    Chief Environmental and Safety Counsel

The Gillette Company

By: _____
    Secretary & Deputy General Counsel

1-CH/100279.1

2