# EXHIBIT B

# EXHIBIT B

**STATE OF INDIANA**
**IN THE MARION COUNTY COMMERCIAL COURT**

| | | |
|---|---|---|
| STATE OF INDIANA | ) | |
| | ) ss.: | |
| COUNTY OF MARION | ) | CAUSE NO. |

| | |
|---|---|
| KRAFT HEINZ FOODS COMPANY, a Pennsylvania limited liability company, | ) ) ) |
| *Plaintiff,* | ) ) ) |
| *vs.* | ) ) |
| ACE PROPERTY & CASUALTY INSURANCE COMPANY, formerly known as CIGNA Property and Casualty Insurance Company, formerly known as Aetna Insurance Company, a Pennsylvania corporation; ACE PROPERTY AND CASUALTY INSURANCE COMPANY, as successor-in-interest to Central National Insurance Company of Omaha, a Pennsylvania corporation; AIU INSURANCE COMPANY, a New York corporation; ALLIANZ UNDERWRITERS INSURANCE COMPANY, formerly known as Allianz Underwriters, Inc., an Illinois corporation; ALLSTATE INSURANCE COMPANY, as successor-in-interest to Northbrook Excess and Surplus Insurance Company, formerly known as Northbrook Insurance Company, an Illinois corporation; AMERICAN STATES INSURANCE COMPANY, a Indiana corporation; ARROWOOD INDEMNITY COMPANY, formerly known as Royal Indemnity Company, a Delaware corporation; AUTO-OWNERS INSURANCE COMPANY, a Michigan corporation; BERKSHIRE HATHAWAY DIRECT INSURANCE COMPANY, formerly known as American Centennial Insurance Company, a Nebraska corporation; CENTURY INDEMNITY COMPANY, as successor to CIGNA Specialty Insurance company, formerly known as California Union Insurance Company, a Pennsylvania corporation; CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, AND CERTAIN LONDON MARKET | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) **JURY TRIAL DEMANDED** |

COMPANIES, existing under the laws of the )
United States or the laws of a foreign sovereign; )
CONTINENTAL INSURANCE COMPANY, in )
its own capacity and as successor to Harbor )
Insurance Company, a Pennsylvania corporation; )
EMPLOYERS MUTUAL CASUALTY )
COMPANY, an Iowa corporation; EVANSTON )
INSURANCE COMPANY, an Illinois )
corporation; FEDERAL INSURANCE )
COMPANY, an Indiana corporation; )
FIREMAN'S FUND INSURANCE COMPANY, )
an Illinois corporation; FIRST STATE )
INSURANCE COMPANY, a Connecticut )
corporation; GENERAL REINSURANCE )
CORPORATION, as successor by merger to )
North Star Reinsurance Corporation, a Delaware )
corporation; GRANITE STATE INSURANCE )
COMPANY, an Illinois corporation; HARTFORD )
ACCIDENT AND INDEMNITY INSURANCE )
COMPANY, a Connecticut corporation; )
INDIANA INSURANCE COMPANY, a Indiana )
corporation; INSURANCE COMPANY OF )
NORTH AMERICA, a Pennsylvania corporation; )
LEXINGTON INSURANCE COMPANY, a )
Delaware corporation; MUNICH )
REINSURANCE AMERICA, INC., formerly )
known as American Re-Insurance Company, a )
Delaware corporation; NATIONAL UNION FIRE )
INSURANCE COMPANY OF PITTSBURGH, )
PA, a Pennsylvania corporation; NATIONAL )
UNION FIRE INSURANCE COMPANY OF )
PITTSBURGH, PA, as successor by merger to )
Landmark Insurance Company, a Pennsylvania )
corporation; NEW ENGLAND INSURANCE )
COMPANY, formerly known as New England )
Reinsurance Corporation, a Connecticut )
corporation; SAFETY NATIONAL CASUALTY )
CORPORATION, formerly known as Safety )
Mutual Casualty Corporation, a Missouri )
corporation; ST. PAUL FIRE AND MARINE )
INSURANCE COMPANY, formerly known as St. )
Paul Insurance Company, a Connecticut )
corporation; STARR INDEMNITY & )
LIABILITY COMPANY, formerly known as )
Republic Insurance Company, a Texas )
corporation; TIG INSURANCE COMPANY, as )

2

successor by merger to Clearwater Insurance )
Company, formerly known as Mt. McKinley )
Insurance Company, formerly known as Gibraltar )
Casualty Company, a California corporation; TIG )
INSURANCE COMPANY, as successor by )
merger to Fairmont Premier Insurance Company, )
formerly known as TIG Premier Insurance )
Company, formerly known as Transamerica )
Premier Insurance Company, a California )
corporation; TIG INSURANCE COMPANY, )
formerly known as International Insurance )
Company and International Surplus Lines )
Insurance Company, a California corporation; )
TRAVELERS CASUALTY AND SURETY )
COMPANY, formerly known as Aetna Casualty )
& Surety Co., a Connecticut corporation; TWIN )
CITY FIRE INSURANCE COMPANY, an )
Indiana corporation; VANLINER INSURANCE )
COMPANY, formerly known as Great Southwest )
Fire Insurance Company, a Missouri corporation; )
and WESTPORT INSURANCE )
CORPORATION, formerly known as Manhattan )
Fire and Marine Insurance Company, a Missouri )
corporation, )
)
                              *Defendants.* )
)
)
)

## COMPLAINT FOR DECLARATORY JUDGMENT

Kraft Heinz Foods Company (hereafter, where appropriate, "Kraft," "plaintiff" or "insured"), for its complaint, alleges upon knowledge as to its own acts, and upon information and belief as to the acts of all other parties, as follows:

### Nature Of This Action

1.      This is an action for declaratory judgment under comprehensive general, umbrella, and excess liability insurance policies depicted and described in the materials annexed as Schedule 1 to this complaint (the "Liability Insurance Policies").  Plaintiff brings this action for declaratory judgment pursuant to Indiana Code §§ 34-14-1, *et seq.*, seeking a declaration that defendants are

3

obligated to pay the costs and expenses of investigation and defense, and legal liabilities incurred or paid in connection the lawsuit styled *Monsanto Company, et al. v. Magnetek, Inc., et al.*, Cause No. 17SL-CC03368 (Circuit Court of St. Louis County, Missouri), which was removed to the United States District Court for the Eastern District of Missouri, Cause No. 4:23-cv-00204, and which seeks damages because of and for third-party property damage and bodily injury allegedly arising out of and/or caused by the manufacture and sale of polychlorinated biphenyl- ("PCB-") containing products manufactured and sold by P.R. Mallory & Co., Inc. (the "*Monsanto* Suit").

2.      Pursuant to a 1988 Stock Purchase Agreement (as defined herein), Kraft retained the potential non-battery business liabilities of P.R. Mallory & Co., Inc. ("Mallory") alleged in the *Monsanto* Suit.  As the real party in interest and successor to Mallory, Kraft is in the process of intervening in the *Monsanto* Suit as the defendant named as "the successor-in-interest to P.R. Mallory & Co. Inc." and has paid all costs of defending against the Mallory liabilities alleged therein.  A copy of Kraft's motion to intervene in the *Monsanto* Suit is enclosed as **Exhibit A**.

3.      Claimants in the *Monsanto* Suit have sought product liability damages allegedly arising out of and/or caused by Mallory's conduct in an aggregate amount in excess of the total stated limits of liability of the Liability Insurance Policies.  Plaintiff seeks coverage for the costs of defending the claims against Mallory in the *Monsanto* Suit and, if necessary, any costs of settlement or judgment.  The defendants have failed or refused to acknowledge and undertake their contractual obligations fully to pay plaintiff's costs and expenses of investigation and defense and for the costs of legal liabilities that have been asserted against or imposed by law upon plaintiff, or otherwise have not accepted, acknowledged, or undertaken fully their contractual duties to plaintiff as of the date hereof.

4.     This Court has jurisdiction over this matter including pursuant to Trial Rule 4.4(a). At the time each of the Liability Insurance Policies was made, each defendant insurer under each Liability Insurance Policy it issued contracted to insure, among others, Mallory, its stockholders, and its successors, including for risks arising out of the manufacture of PCB-containing products from the Mallory manufacturing plant at Crawfordsville, Indiana as well as other risks both in and outside of Indiana.  At times pertinent, Mallory was a manufacturer and distributor of capacitors and electrical components, with its principal place of business in Indianapolis, Indiana.

5.     Venue is proper in this Court under Rule 75 of the Indiana Rules of Trial Procedure.

## The Parties

### *Plaintiff Kraft Heinz Foods Company*

6.     Plaintiff Kraft Heinz Foods Company ("Kraft") is a Pennsylvania limited liability company with co-headquarters in Pittsburgh, Pennsylvania and Chicago, Illinois.  Plaintiff's members are Kraft Heinz Intermediate Corporation II and HJH Development Corporation, both of which are Delaware corporations with their principal places of business in Pittsburgh, Pennsylvania.

7.     As further described herein, Kraft is insured under the Liability Insurance Policies with respect to occurrences involving the conduct of Mallory causing bodily injury or property damage during the policy periods of each policy at issue in this action.

8.     Kraft is "legally obligated" to pay for the *Monsanto* Suit, under contract or otherwise, as the successor, former stockholder, and real party in interest with respect to alleged liability attributed therein to Mallory.  Pursuant to the 1988 Stock Purchase Agreement, Kraft retained and is therefore defending against the potential non-battery business liabilities of Mallory alleged in the *Monsanto* Suit as further described herein.

9.     At times pertinent, Kraft has conducted operations in Indiana, including but not limited to a manufacturing plant in Kendallville, Indiana.

*Defendants*

10.     Defendants are licensed to do business in the State of Indiana pursuant to Indiana Code § 27-1-17-4, are doing business and transacting business in the State of Indiana, or both.  In addition, some or all of the defendants agreed, in Liability Insurance Policies covering the insured, to submit, at the request of the insured, to the jurisdiction of any court of competent jurisdiction in the United States, which includes (but is not limited to) this Court, to comply with all requirements necessary to give this Court jurisdiction, and to have all matters determined in accordance with the substantive law and practice of this Court.

11.     Defendant ACE Property & Casualty Insurance Company, formerly known as CIGNA Property and Casualty Insurance Company, and formerly known as Aetna Insurance Company ("Aetna Insurance"), was incorporated under the laws of the State of Connecticut and re-domesticated under the laws of the Commonwealth of Pennsylvania in 1999, with its principal place of business in Pennsylvania.  At all times pertinent, Aetna Insurance was, and is, licensed to do business, and was doing and transacting business, in the State of Indiana.

12.     Defendant ACE Property and Casualty Insurance Company is an insurance company organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business in Pennsylvania.  Defendant is a successor-in-interest to Central National Insurance Company of Omaha ("Central National") and is sued in its capacity as successor to Central National.  At all times pertinent, Central National was, and is, licensed to do business, and was and is doing and transacting business, in the State of Indiana.

6

13.     Defendant AIU Insurance Company ("AIU") is an insurance company organized under the laws of the State of New York, with its principal place of business in New York.  At all times pertinent, AIU was, and is, licensed to do business, and was and is doing and transacting business, in the State of Indiana.

14.     Defendant Allianz Underwriters Insurance Company, formerly known as Allianz Underwriters, Inc. ("Allianz"), is an insurance company organized under the State of Illinois, with its principal place of business in Illinois.  At all times pertinent, Allianz was, and is, licensed to do business, and was doing and transacting business, in the State of Indiana.

15.     Defendant Allstate Insurance Company is an insurance company organized under the laws of the State of Illinois, with its principal place of business in Illinois.  Defendant is a successor-in-interest to Northbrook Excess and Surplus Insurance Company, formerly known as Northbrook Insurance Company ("Northbrook"), and is sued solely in its capacity as successor to Northbrook.  At all times pertinent, Northbrook was, and is, licensed to do business, and was doing and transacting business, in the State of Indiana.

16.     Defendant American States Insurance Company ("American States") is an insurance company organized under the laws of the State of Indiana, with its principal place of business in Massachusetts.  At all times pertinent, American States was, and is, licensed to do business, and was and is doing and transacting business, in the State of Indiana.

17.     Defendant Arrowood Indemnity Company, formerly known as Royal Indemnity Company ("Royal Indemnity"), is an insurance company organized under the laws of the State of Delaware, with its principal place of business in North Carolina.  At all times pertinent, Royal Indemnity was, and is, licensed to do business, and was and is doing and transacting business, in the State of Indiana.

18.     Defendant Auto-Owners Insurance Company ("Auto-Owners") is an insurance company organized under the laws of the State of Michigan, with its principal place of business in Michigan.  At all times pertinent, Auto-Owners was, and is, licensed to do business, and was and is doing and transacting business, in the State of Indiana.

19.     Defendant Berkshire Hathaway Direct Insurance Company, formerly known as American Centennial Insurance Company ("American Centennial"), is an insurance company organized under the laws of the State of Nebraska, with its principal place of business in Nebraska. At all times pertinent, American Centennial was, and is, licensed to do business, and was and is doing and transacting business, in the State of Indiana.

20.     Defendant Century Indemnity Company ("Century Indemnity") is an insurance company organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business in Pennsylvania.  Defendant is a successor to CIGNA Specialty Insurance Company, formerly known as California Union Insurance Company ("California Union"), and is sued solely in its capacity as successor to California Union.  At all times pertinent, California Union was, and is, licensed to do business, and was doing and transacting business, in the State of Indiana.

21.     Defendants Certain Underwriters at Lloyd's, London, and certain London Market Insurance Companies ("Lloyd's & London Market Companies") are an association of underwriters and individual insurance companies existing under the laws of the United States or the laws of a foreign sovereign that sold or subscribed to Liability Insurance Policies covering plaintiff, and consist of Lloyd's of London; Accident & Casualty Insurance Company; Accident and Casualty Insurance Company of Winterthur; Allianz International Insurance Company Ltd.; American Star Insurance Company; American Home Assurance Company; American Star Insurance Company; Andrew Drysdale Ltd.; Argonaut Northwest Insurance Company; Assicurazioni General;

Assicurazioni Generali di Trieste e Venezia; Bellefonte Underwriters Insurance Company; Bellefonte Insurance Company; Bishopgate Insurance Company Ltd.; British North Western Insurance Company; Brittany Insurance Company, Ltd.; Cambridge Reinsurance Ltd.; Centrale D'Assurances 1909 S.A.; CNA Reinsurance of London, Ltd.; Compagnie Europeenne D'Assurances Industrielles S.A.; Compagnie Euro Belge De Reassurances S.A.; Compangnie Beige D'Assurances Generales "Incendie Accidents Et Risques Divers"; Compania Agricola de Seguros (Columbia); Delta-Lloyd Non Life Insurance Company, Ltd.; Dominion Insurance Company, Ltd.; Edinburgh Assurance Company Ltd.; Excess Insurance Company; Groupe Josi Compagnie; Hafez Insurance Company, Ltd.; Hassneh Insurance Company of Israel, Ltd.; Heddington Insurance Company (U.K.), Ltd.; Helvetia Insurance Company, Ltd.; Highlands Insurance Company; Imperio Compania De Seguros; Imperio Insurance Group; La Royal Beige IR SA D'Assurances; Lloyd Italico & L'Ancora Compagnia Di Assicurazioni E Riassicurazioni; National Casualty Company of America Ltd.; National Casualty of American, Ltd.; New London Reinsurance Company, Ltd.; Peoples Insurance Company of China; Seguros la Comercial, S.A., Simcoe and Erie General Insurance Company; Sovereign Marine General Insurance Company Ltd.; St. Katherine Insurance Co., Ltd.; Storebrand Insurance Company (U.K.) Ltd.; Stronghold Insurance Company Ltd.; Taisho Marine and Fire Insurance Company (U.K.) Ltd.; Terra Nova Insurance Company, Ltd.; Tokio Marine and Fire Insurance (U.K.) Ltd.; Turegum Insurance Company, Ltd.; Union Atlantique D'Assurances S.A.; Union America Insurance Company, Ltd.; Winterthur Swiss Insurance Company; Winterthur Swiss Insurance Company, Ltd.; Yasuda Fire & Marine Insurance Company (U.K.), Ltd.; and, Yuval the Insurance Company of Israel Ltd.  At all times relevant hereto, Lloyd's and London Companies were authorized, through their respective

agents, to underwrite Liability Insurance Policies covering risks in the State of Indiana.  All of the foregoing Lloyd's & London Market Companies have consented to the jurisdiction of this Court.

22.     Defendant Continental Insurance Company, in its own capacity and as a successor to Harbor Insurance Company ("Continental"), is an insurance company organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business in Illinois.  At all times, pertinent, Continental was, and is, licensed to do business, and was and is doing and transacting business, in the State of Indiana.

23.     Defendant Employers Mutual Casualty Company ("Employers Mutual") is an insurance company organized under the laws of the State of Iowa, with its principal place of business in Iowa.  At all times pertinent, Employers Mutual was, and is licensed to do business, and was and is doing and transacting business, in the State of Indiana.

24.     Defendant Evanston Insurance Company ("Evanston") is an insurance company organized under the laws of the State of Illinois, with its principal place of business in Illinois.  At all times pertinent, Evanston was, and is, licensed to do business, and was and is doing and transacting business, in the State of Indiana.

25.     Defendant Federal Insurance Company ("Federal") is an insurance company organized under the laws of the State of Indiana, with its principal place of business in New Jersey.  At all times pertinent, Federal was, and is, licensed to do business, and was and is doing and transacting business, in the State of Indiana.

26.     Defendant Fireman's Fund Insurance Company ("Fireman's Fund") is an insurance company organized under the laws of the State of Illinois, with its principal place of business in Illinois.  At all times pertinent, Fireman's Fund was, and is, licensed to do business, and was and is doing and transacting business, in the State of Indiana.

27.     Defendant First State Insurance Company ("First State") is an insurance company organized under the laws of the State of Connecticut, with its principal place of business in Massachusetts.  At all times pertinent, First State was, and is, licensed to do business, and was and is doing and transacting business, in the State of Indiana.

28.     Defendant General Reinsurance Corporation is an insurance company organized under the laws of the State of Delaware, with its principal place of business in Connecticut. Defendant is the successor by merger to North Star Reinsurance Corporation ("North Star") and is sued solely in its capacity as successor to North Star.  At all times pertinent, North Star was, and is, licensed to do business, and was and is doing and transacting business, in the State of Indiana.

29.     Defendant Granite State Insurance Company ("Granite") is an insurance company organized under the laws of the State of Illinois, with its principal place of business in Illinois.  At all times pertinent, Granite was, and is, licensed to do business, and was and is doing and transacting business, in the State of Indiana.

30.     Defendant Hartford Accident and Indemnity Insurance Company ("Hartford Accident") is an insurance company organized under the laws of the State of Connecticut, with its principal place of business in Connecticut.  At all times pertinent, Hartford Accident was, and is, licensed to do business, and was and is doing and transacting business, in the State of Indiana.

31.     Defendant Indiana Insurance Company ("Indiana") is an insurance company organized under the laws of the State of Indiana, with its principal place of business in Massachusetts.  At all times pertinent, Indiana was, and is, licensed to do business, and was and is doing and transacting business, in the State of Indiana.

32.     Defendant Insurance Company of North America ("INA") is an insurance company organized under the laws of the Commonwealth of Pennsylvania, with its principal place of

11

business in Pennsylvania.  At all times pertinent, INA was, and is, licensed to do business, and was doing and transacting business, in the State of Indiana.  INA is now known as Century Indemnity Company, or ACE, Limited ("ACE") but is referred to as "INA" in this complaint, except where otherwise noted.  INA, together with Century Indemnity and Central National, are at times collectively referred to herein as the "ACE-Related Defendants."

33.     Defendant Lexington Insurance Company ("Lexington") is an insurance company organized under the laws of the State of Delaware, with its principal place of business in Massachusetts.  At all times pertinent, Lexington was, and is, licensed to do business, and was and is doing and transacting business, in the State of Indiana.

34.     Defendant Munich Reinsurance America, Inc., formerly known as American Re-Insurance Company ("American Re"), is an insurance company organized under the laws of the State of Delaware, with its principal place of business in New Jersey.  At all times pertinent, American Re was, and is, licensed to do business, and was and is doing and transacting business, in the State of Indiana.

35.     Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union") is an insurance company organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business in New York.  At all times pertinent, National Union was, and is, licensed to do business, and was and is doing and transacting business, in the State of Indiana.

36.     Defendant National Union Fire Insurance Company of Pittsburgh, Pa. is an insurance company organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business in New York.  Defendant is the successor by merger to Landmark Insurance Company ("Landmark") and is sued in its capacity as successor to Landmark.  At all

times pertinent, Landmark was, and is, licensed to do business, and was and is doing and transacting business, in the State of Indiana.

37.     Defendant New England Insurance Company, formerly known as the New England Reinsurance Corporation ("New England Re"), is an insurance company organized under the laws of the State of Connecticut, with its principal place of business in Massachusetts.  At all times pertinent, New England Re was licensed to do business, and was and is doing and transaction business in the State of Indiana.

38.     Defendant Safety National Casualty Corporation, formerly known as Safety Mutual Casualty Corporation ("Safety Mutual Casualty"), is an insurance company organized under the laws of the State of Missouri, with its principal place of business in Missouri.  At all times pertinent, Safety Mutual Casualty was, and is, licensed to do business, and was and is doing and transacting business, in the State of Indiana.

39.     Defendant St. Paul Fire and Marine Insurance Company, formerly known as St. Paul Mercury Insurance Company ("St. Paul Mercury (AFIA)"), is an insurance company organized under the laws of the State of Connecticut, with its principal place of business, in Connecticut.  At all times pertinent, St. Paul Mercury (AFIA) was, and is, licensed to do business, and was and is doing and transacting business, in the State of Indiana.

40.     Defendant Starr Indemnity & Liability Company, formerly known as Republic Insurance Company ("Republic"), is an insurance company organized under the laws of the State of Texas, with its principal place of business in New York.  At all times pertinent, Republic was, and is, licensed to do business, and was and is doing and transacting business, in the State of Indiana.

41.     Defendant TIG Insurance Company is an insurance company organized under the laws of the State of California, with its principal place of business in New Hampshire.  Defendant is the successor by merger to Clearwater Insurance Company, formerly known as Mt. McKinley Insurance Company, and formerly known as Gibraltar Casualty Company ("Gibraltar Casualty"), and is sued solely in its capacity as successor to Gibraltar Casualty.  At all times pertinent, Gibraltar Casualty was, and is, licensed to do business, and was and is doing and transacting business, in the State of Indiana.

42.     Defendant TIG Insurance Company is an insurance company organized under the laws of the State of California, with its principal place of business in New Hampshire.  Defendant is the successor by merger to Fairmont Premier Insurance Company, formerly known as TIG Premier Insurance Company, and formerly known as Transamerica Premier Insurance Company ("Transamerica Premier") and is sued in its capacity as successor to Transamerica Premier.  At all times pertinent, Transamerica Premier was, and is, licensed to do business, and was and is doing and transacting business, in the State of Indiana.

43.     Defendant TIG Insurance Company, formerly known as International Insurance Company, and formerly known as International Surplus Lines Insurance Company ("International" and "ISLIC"), is an insurance company organized under the laws of the State of California, with its principal place of business in New Hampshire.  At all times pertinent, ISLIC was, and is, licensed to do business, and was and is doing and transacting business, in the State of Indiana.

44.     Defendant Travelers Casualty and Surety Company, formerly known as Aetna Casualty & Surety Company ("Aetna Casualty"), is organized under the laws of the State of Connecticut, with its principal place of business in Connecticut.  At all times pertinent, Aetna

14

Casualty was licensed to do business, and was and is doing and transacting business, in the State of Indiana.

45.     Defendant Twin City Fire Insurance Company ("Twin City") is an insurance company organized under the laws of the State of Indiana, with its principal place of business in Connecticut.  At all times pertinent, Twin City was, and is, licensed to do business, and was and is doing and transacting business, in the State of Indiana.

46.     Defendant Vanliner Insurance Company, formerly known as Great Southwest Fire Insurance Company ("Great Southwest Fire"), is an insurance company organized under the laws of the State of Missouri, with its principal place of business in Missouri.  At all times pertinent, Sentry or Great Southwest Fire was licensed to do business, and was or is doing and transacting business, in the State of Indiana.

47.     Defendant Westport Insurance Corporation, formerly known as Manhattan Fire and Marine Insurance Company ("Manhattan Fire"), is an insurance company organized under the laws of the State of Missouri, with its principal place of business in Missouri.  At all times pertinent, Manhattan Fire was, and is, licensed to do business, and was and is doing and transacting business, in the State of Indiana.

48.     In addition to the insurance companies named as defendants, the parents, subsidiaries, and *alter egos* of Ambassador Insurance Company; American Employers Insurance Company; Highlands Insurance Company; Home Insurance Company including but not limited to Home Indemnity Company, Home Holdings, Inc., Zurich Insurance Company, Zurich Centre Reinsurance Dublin, Zurich-American Insurance Company, Risk Enterprise Management Limited, and Zurich Investment Management, Inc.; Ideal Mutual Insurance Company; INEX Insurance Exchange, formerly known as Illinois Insurance Exchange, Integrity Insurance

15

Company; Midland Insurance Company; Protective National Insurance Company of Omaha; Southern American Insurance Company; Transit Casualty Insurance Company; and Western Employers Insurance Company also issued or subscribed to Liability Insurance Policies covering the insured, its predecessors, subsidiaries, affiliates, stockholders, and joint ventures.  However, these insurers currently are or have been the subject of bankruptcy or liquidation proceedings.

### The *Monsanto* Suit

49.     In November 2022, Monsanto Company; Pharmacia, LLC, also known as Monsanto Chemical Co., hereinafter "Old Monsanto"; and Solutia, Inc. (collectively, "Monsanto") served the *Monsanto* Suit.  A copy of the summons and complaint, including its exhibits, filed in the *Monsanto* Suit are attached hereto as **Exhibit B** and hereby incorporated by reference as if fully set forth herein.

50.     In the *Monsanto* Suit, Monsanto seeks indemnity from several companies, including The Gillette Company LLC as the purported "successor-in-interest to P.R. Mallory & Co., Inc.," stemming from underlying lawsuits relating to PCBs that Old Monsanto allegedly manufactured and sold to several companies, including Mallory, between at least "1935 and 1977." Ex. B ¶¶ 2, 15.  Monsanto asserts, among other things, that Mallory and other Defendants negligently allowed those PCBs to be "released into the environment through products manufactured by Defendants."  *Id.* ¶ 288.  The summons states that the nature of the *Monsanto* Suit is "product liability – manufacturing defect."

51.     Monsanto also alleges that Mallory executed a "Special Undertaking Agreement" in or about 1972 to secure continued supply of PCBs through 1977 and promising, among other things, to defend, indemnify, and hold harmless Monsanto for liabilities, claims, damages, actions, suits, losses, costs, and expenses arising out of the supply of PCBs.  *Id.* ¶¶ 3, 4, 97-103.

52.     Monsanto claims that the manufacture and sale of PCB-containing products by Mallory and others caused "The PCB Lawsuits" and Old Monsanto's and others' damages including "the costs of defending the PCB Lawsuits[,] . . . the amounts paid to settle some of the Food Chain Cases, the amounts paid and/or agreed to be paid to settle some of the Water Cases, the judgments entered in the Sky Valley School Cases, and all other amounts Plaintiffs have reasonably paid and/or agreed to pay to resolve claims . . . ."  *Id.* Count V, ¶ 288.

### The PCB Lawsuits

53.     Monsanto alleges that it has been sued in at least 85 lawsuits brought by individuals who have allegedly suffered bodily injury or personal injury, or some combination thereof, which they attribute to exposure to PCBs manufactured and sold by Old Monsanto.  *See* Ex. B ¶¶ 5, 167 & Exhibit 8.  Additionally, Monsanto has purported to tender approximately 200 total lawsuits for indemnification by Mallory's successors and continues to tender new cases as they arise. Monsanto is suing with respect to all of these lawsuits in the *Monsanto* Suit.

54.     Monsanto alleges that the PCB Lawsuits can be grouped into four broad categories: (1) Food Chain Cases; (2) Water Cases; (3) School Cases: (4) Occupational Cases.  Ex. B ¶¶ 167, 168.  Each of the underlying categories concerns product liability and/or environmental sources of liabilities stemming from the release of PCBs.

55.     The allegations of the PCB Lawsuits are generally that "[Old] Monsanto's PCBs were in a defective condition that was unreasonably dangerous to the ultimate users, consumers and population at large when the product left defendant's hands."  The PCB Lawsuits further allege that "[h]umans may be exposed to PCB through ingestion, inhalation, and dermal contact."

56.     For example, the allegations of one PCB Lawsuit in the School Cases category, *Heit et al. v. Monsanto Company et al.*, Case No. 18-2-11915-4 SEA (Superior Court of King

County, Washington), state that Old Monsanto's PCBs were incorporated into lighting ballasts used in school buildings and allegedly caused buildings to become toxic, thereby injuring children and adults.  "This is because PCBs are continuously released into the air from intact functioning light ballasts.  When lights are off, emissions are low.  When lights are on, the ballast heats up, and emission increase several-fold."  *See* Ex. B at Exhibit 16 § V.D. ¶¶ 10.

57.     In addition, the cases allege bodily injury, disease and other illness resulting from PCB-containing products.

58.     Generally, several of the underlying allegations assert that products containing PCBs result in PCBs being inhaled by humans, damaging buildings, contaminating human food, and causing continuous and progressive injury and damage when present in the air.

59.     In the remaining categories, like all of the School Cases, claimants generally predicate Old Monsanto's liability on its manufacturing of PCBs for products and seek damages based on causes of action sounding in product liability, negligence, and public entity negligence, among others.

60.     Monsanto claims that the defendants, including Mallory, "individually and collectively have a contractual duty to defend, indemnify, and hold harmless Old Monsanto in the PCB Lawsuits" and that "each Defendant is individually, jointly, and/or collectively liable for the full amount of the defense costs incurred by Old Monsanto in the PCB Lawsuits, all amounts paid and/or agreed to be paid by Plaintiffs to resolve and/or settle the PCB Lawsuits, and the full amount of all judgments entered against Plaintiffs in the PCB Lawsuits."  Ex. B ¶ 235.

61.     Monsanto claims that the defendants, including Mallory, had a duty to handle, use, and sell PCBs purchased from Old Monsanto with reasonable care and that these defendants "both before and after signing the Special Undertaking Agreements" negligently "breached their

18

respective duty of care" by, *inter alia*, "allowing PCBs purchased from Old Monsanto . . . to be released into the environment through products manufactured by Defendants[.]"  *Id.* ¶¶ 287-88.

62.     Monsanto alternatively claims that the defendants must "equitably contribut[e]" to the amounts Monsanto has paid or has agreed to pay to settle some of the Food Chain Cases and certain Water Cases, among other PCB Lawsuits that have been or will be settled.  *Id.* ¶¶ 304, 313. The alleged basis for Monsanto's equitable contribution claim is that:  (i) "[t]he PCB Lawsuits premise liability, *inter alia*, on Old Monsanto's manufacture and sale of PCBs"; and (ii) "Old Monsanto manufactured and sold PCBs in bulk to a number of industrial customers, including Defendants . . . ., who incorporated those PCBs into a wide variety of finished products [that] Old Monsanto itself never sold . . . to individuals or consumers" and "never controlled how products incorporating PCBs would be used" by customers.  *Id.* ¶¶ 305, 306.  Monsanto alleges that because of this, to the extent it is or was liable in the PCB Lawsuits or has paid or will pay amounts to settle those suits, Defendants are jointly liable for those same alleged indivisible injuries.  *Id.* ¶ 313.

### Kraft Is the Real Party in Interest in the *Monsanto* Suit as Mallory's Successor

63.     Kraft has advanced or paid costs of defending against potential Mallory liabilities in the *Monsanto* Suit, as the real party in interest and successor to Mallory as further described herein.

64.     As the successor to Kraft, Inc., a party to the 1988 Stock Purchase Agreement (as defined herein), Kraft retained Mallory's pertinent rights and obligations for the non-battery business liabilities alleged in the *Monsanto* Suit, and rights under the Liability Insurance Policies for defending against and paying any such alleged liabilities.  *See, e.g.*, *P.R. Mallory & Co., Inc., et al. v. Am. States Ins. Co., et al.*, No. 54C01-0005-CP-00156, 2004 WL 1737489, at *4, *11 (Ind.

Cir. Ct., July 29, 2004) (holding, consistent with the 1988 Stock Purchase Agreement, that the covered "corporate successors of Mallory . . . include Kraft").

### Pertinent Corporate History of Mallory and its Stockholders

65.     Mallory operated at all pertinent times with its headquarters in Indianapolis, Indiana.

66.     In 1979, Dart Industries, Inc. acquired Mallory with Mallory ceasing to be a publicly traded corporation and becoming a wholly-owned subsidiary of Dart Industries, Inc.

67.     On or about June 12, 1980, Mallory changed its name to Duracell International Inc.

68.     In 1980, Dart Industries, Inc. and Kraft, Inc. became wholly owned subsidiaries of Dart & Kraft, Inc.  At the time, Mallory, then known as Duracell International Inc., remained a subsidiary of Dart Industries, Inc.

69.     In October 1986, Dart Industries, Inc. transferred the stock of Duracell International, Inc. to Dart & Kraft, Inc.

70.     On or about November 21, 1986, Dart & Kraft, Inc. merged with its Delaware subsidiary Kraft, Inc., with Dart & Kraft, Inc. being the surviving entity.  Kraft, Inc. thereby obtained the stock of Duracell International, Inc. (formerly known as Mallory).

71.     On or about May 10, 1987, Dart & Kraft, Inc. changed its name to Kraft, Inc.

72.     In 1988, Kraft, Inc. as "Seller" entered into a stock purchase agreement through which, among other things, Duracell International, Inc. was sold to the "Buyer," Duracell Holdings Corporation (now known as The Gillette Company LLC) ("1988 Stock Purchase Agreement").

73.     Under the 1988 Stock Purchase Agreement, Kraft, Inc. retained responsibility for liability allegedly resulting from the operations and activities of Mallory taking place prior to the 1988 Stock Purchase Agreement's Closing Date other than liabilities arising out of or relating to

the Mallory historic battery business.  Kraft, Inc. also retained the right to make claims and recover proceeds under the Liability Insurance Policies for defending against or paying such alleged Mallory non-battery business liabilities.  Kraft, Inc. agreed to be a net-of-insurance indemnitor to the Buyer for these liabilities.

74.     Plaintiff Kraft Heinz Foods Company is the successor by merger and name change to the aforementioned Kraft, Inc. and Dart & Kraft, Inc.

***Kraft Is Defending Against Mallory's***
***Alleged Liability in the* Monsanto *Suit***

75.     The claimants in the *Monsanto* Suit originally identified Gillette as the defendant named as "the successor-in-interest to P.R. Mallory & Co. Inc."  As the real party in interest, Kraft is in the process of intervening in the *Monsanto* Suit as the proper "successor-in-interest to P.R. Mallory & Co. Inc.," having accepted, under reservation of rights, Gillette's tender of the *Monsanto* Suit for defense and indemnification under the 1988 Stock Purchase Agreement to the extent it seeks damages arising out of Mallory's operations other than those arising out of its historic battery business.

76.     Pursuant to the 1988 Stock Purchase Agreement, Kraft also previously advanced costs for the defense of Gillette as the alleged "successor-in-interest to P.R. Mallory & Co. Inc." prior to moving to intervening in the *Monsanto* Suit.

77.     Kraft has undertaken the defense of the *Monsanto* Suit not as a volunteer but pursuant to its retention of liabilities and net-of-insurance indemnification obligations under the 1988 Stock Purchase Agreement, and due to the non-performance of the defendant insurers, which are primarily liable for all costs of defense, settlement, and judgment for the Mallory liabilities alleged in the *Monsanto* Suit.  Under the 1988 Stock Purchase Agreement, Kraft has a net-of-insurance obligation to defend and indemnify Gillette for claims alleging liability arising from

21

Mallory's historic non-battery business to the extent that such costs are not paid under the Liability Insurance Policies due to the defendant insurers' failure or refusal to perform their coverage obligations.

## The Liability Insurance Policies

78.     The Liability Insurance Policies consist of primary comprehensive general liability insurance and, for the policy periods between at least 1954 through 1986, umbrella, "bumbershoot," and excess liability insurance.  In this case, the Liability Insurance Policies were issued to or in the name of, among others: (i) P.R. Mallory & Company, Inc.; (ii) Dart Industries Inc.; and (iii) Dart & Kraft, Inc.  The Liability Insurance Policies provide comprehensive coverage to the named insureds, and their subsidiaries, affiliates, stockholders, partners, executive officers, directors, shareholders, and joint ventures as constituted when the policies were issued or thereafter.  The Liability Insurance Policies cover each of the respective operations or ownership of P.R. Mallory & Co., Inc., in an integrated program of contractual protection designed to provide coverage for all liability claims and losses of plaintiff during the affected policy periods, however caused and wherever located or incurred.

79.     The Liability Insurance Policies consist of over 5,000 pages and contain the terms and conditions pertinent to this action.  Because of the volume of Liability Insurance Policies, and the Court's Odyssey's file size limitations, attaching the Liability Insurance Policies, or the secondary evidence of policies in the case of missing instruments, is impracticable.  To satisfy Trial Rule 9.2, Plaintiff will file the Liability Insurance Policies separately once the case number is assigned.  The Liability Insurance Policies are organized separately by the coverage programs identified in Schedule 1 and, within each coverage program, are arranged alphabetically by carrier

name.  The complete terms, conditions, and contents of the Liability Insurance Policies are hereby incorporated and made part of this complaint and are further described herein.[1]

80.     The Liability Insurance Policies are multiple-page printed or typed forms.  The policies are integrated and contain no severability or separability clauses.  The Liability Insurance Policies must be construed as a whole, and no policy term or condition may be viewed in isolation. Furthermore, each contract must be construed to achieve its purpose, which is to provide comprehensive insurance protection.  *Eli Lilly & Co. v. Home Ins. Co.*, 482 N.E.2d 467, 470-71 (Ind. 1985). Any ambiguity must be construed in favor of coverage, and any reasonable interpretation must be adopted.  *Am. States Ins. Co. v. Kiger*, 662 N.E.2d 945, 947 (Ind. 1996).

81.     The defendant insurance companies and their subsidiaries, affiliates and *alter egos* are, and at all times relevant hereto were, engaged in the business of issuing policies like the Liability Insurance Policies and in handling, processing and paying (or not paying, as the case may be) claims, including (without limitation) the *Monsanto* Suit.

82.     In consideration of premiums paid, the defendants issued Liability Insurance Policies covering the insured.  The insured is covered for all sums, including costs of investigation and defense, and legal liabilities, arising out of the *Monsanto* Suit under the Liability Insurance Policies.

83.     The Liability Insurance Policies afford insurance to, among others, the named insured, any "stockholder" of the named insured, anyone to whom the named insured is

---

[1] To the extent that additional Liability Insurance Policies that provide potentially responsive coverage for the *Monsanto* Suit were issued to other named insureds or to predecessors, subsidiaries, parents, affiliates or "other insureds" of the plaintiff, this complaint will be amended as appropriate to include such additional insureds and such additional Liability Insurance Policies.

contractually obligated to provide insurance, and/or have stated since the time they were issued that they would cover the named insured or its stockholders as presently or "hereafter constituted."

84.     Kraft's predecessors were then or thereafter constituted "shareholders" of the named insured under the Liability Insurance Policies.

85.     Under the 1988 Stock Purchase Agreement, Kraft retained and possesses the presently constituted rights and obligations of Mallory's non-battery business, including liability allegedly at issue in the *Monsanto* Suit and insurance rights therefor under the Liability Insurance Policies

86.     The Circuit Court for Montgomery County, Indiana (Hon. Thomas K. Milligan) has adjudicated that Liability Insurance Policies at issue in this case provide insurance rights to Kraft (then known as Kraft Foods Global, Inc. f/k/a Kraft Foods North America Inc.) for liabilities allegedly resulting from Mallory's non-battery business operations before the Closing Date of the 1988 Stock Purchase Agreement. *See P.R. Mallory & Co., Inc., et al. v. Am. States Ins. Co., et al.*, No. 54C01-0005-CP-00156, 2004 WL 1737489, at *10-11 (Ind. Cir. Ct., July 29, 2004) ("*P.R. Mallory*") (holding that the covered "corporate successors of Mallory . . . include Kraft, and that ACE's prior payments to Kraft under the Mallory [and Dart] policies are evidence of Kraft being insured under the ACE policies."); *see also id.* at *4 (finding that the 1988 Stock Purchase Agreement retained for Kraft the right to "make insurance claims and receive recoveries for occurrences which had already taken place under the Mallory/Duracell policies.").

87.     All or some defendants have also accepted, acknowledged, and acquiesced to plaintiff's rights to coverage under the Liability Insurance Policies through their past admissions, agreements, litigation positions, omissions, delay, waiver, or other conduct including making payments to plaintiff or its predecessors-in-interest Kraft Foods Global, Inc. f/k/a Kraft Foods

North America, Inc. and Kraft Foods, Inc. related to coverage claims under the Liability Insurance Policies for losses other than the *Monsanto* Suit.

88.     Additionally, Kraft is entitled to recover through equitable subrogation, having undertaken the defense of Mallory's alleged liabilities in the *Monsanto* Suit, not as a volunteer but rather by virtue of Kraft's retention of alleged Mallory non-battery business liabilities and its net-of-insurance indemnification obligations under the 1988 Stock Purchase Agreement, while the defendant insurers have failed or refused to acknowledge or perform their obligations to pay for the defense and resolution of the *Monsanto* Suit for which they are primarily liable.  *See P.R. Mallory*, 2004 WL 1737489, at *15.

89.     The insured has performed all acts necessary under the Liability Insurance Policies identified in this complaint, specifically including payment of premiums and notice and tender of claims which has been satisfied, among other things, by and through the filing of this complaint. All conditions to defendants' performance have been satisfied or performed by the insured, or its performance is or has been waived or excused by the conduct of these defendants or by operation of law.

90.     Nevertheless, no defendant has paid or agreed to pay plaintiff's past, ongoing, or future costs of defense, settlement, or judgment in the *Monsanto* Lawsuit under the Liability Insurance Policies.

### *The Liability Insurance Policies Issued By Each Defendant*

91.     Aetna Insurance issued the following Liability Insurance Policies responsive to the *Monsanto* Suit for which relief has been sought herein:

### *Policy Issued to Dart & Kraft*

Policy Period                    Policy Number

1/1/82 - 7/1/82    XL 02-1009

In this complaint, the foregoing policy issued by Aetna Insurance is so designated with a reference to "Aetna," it being understood that Aetna Insurance Company, now known as ACE Property & Casualty Insurance Company, was purchased by ACE Property after the date of policy issuance and that ACE Property, is responsible for Aetna Insurance's policy obligations, as alleged herein. The insured has performed all obligations and satisfied all conditions of the foregoing Liability Insurance Policies, or such performance or satisfaction has been waived or excused by the conduct of this defendant or by operation of law.  Kraft has demanded that Aetna Insurance acknowledge and accept its insuring obligations under the specified policy for the claims referenced, and as of the date herein, said defendant has failed to acknowledge said insuring obligations.

  92.  Central National issued the following Liability Insurance Policies responsive to the *Monsanto* Suit for which relief has been sought herein:

### Policy Issued to Dart

| Policy Period | Policy Number |
|---|---|
| 4/1/79 - 4/1/80 | CNZ 14-08-79 |
| 4/1/80 - 4/1/81 | CNZ 14-08-79 |

### Policy Issued to Dart & Kraft

| Policy Period | Policy Number |
|---|---|
| 7/1/84 - 7/1/85 | CNZ 500-71-28 |

The insured has performed all obligations and satisfied all conditions of the foregoing Liability Insurance Policies, or such performance or satisfaction has been waived or excused by the conduct of this defendant or by operation of law. Kraft has demanded that Central National acknowledge and accept its insuring obligations under the specified policy for the claims referenced, and as of the date herein, said defendant has failed to acknowledge said insuring obligations.  Insurance

Company of North America and its parents, successors, subsidiaries, affiliates and *alter egos* are legally responsible for the liabilities of Central National.

93.     AIU issued the following Liability Insurance Policy responsive to the *Monsanto* Suit for which relief has been sought herein:

### Policy Issued to Dart & Kraft

| Policy Period | Policy Number |
|---|---|
| 7/1/84 - 7/1/85 | 75-103622 |

The insured has performed all obligations and satisfied all conditions of the foregoing Liability Insurance Policy, or such performance or satisfaction has been waived or excused by the conduct of this defendant or by operation of law.  Kraft has demanded that AIU acknowledge and accept its insuring obligations under the specified policy for the claims referenced, and as of the date herein, said defendant has failed to acknowledge said insuring obligations.

94.     Allianz issued the following Liability Insurance Policies responsive to the *Monsanto* Suit for which relief has been sought herein:

### Policies Issued to Dart & Kraft

| Policy Period | Policy Number |
|---|---|
| 1/1/82 - 7/1/83 | AUX 5201401 |
| 7/1/84 - 7/1/85 | AUX 5201876 |
| 7/1/84 - 7/1/85 | AUX 5202006 |

The insured has performed all obligations and satisfied all conditions of the foregoing Liability Insurance Policies, or such performance or satisfaction has been waived or excused by the conduct of this defendant or by operation of law.  Kraft has demanded that Allianz acknowledge and accept its insuring obligations under the specified policy for the claims referenced, and as of the date herein, said defendant has failed to acknowledge said insuring obligations.

95. Northbrook issued the following Liability Insurance Policies responsive to the *Monsanto* Suit for which relief has been sought herein:

### Policy Issued to Mallory

| Policy Period | Policy Number |
|---|---|
| 11/1/76 - 10/1/77 | 63 002 370 |

### Policies Issued to Dart & Kraft

| Policy Period | Policy Number |
|---|---|
| 1/1/82 - 7/1/83 | 63-008671 |
| 7/1/83 - 7/1/84 | 63-009219 |
| 7/1/84 - 7/1/85 | 63-009406 |

The insured has performed all obligations and satisfied all conditions of the foregoing Liability Insurance Policies, or such performance or satisfaction has been waived or excused by the conduct of this defendant or by operation of law.  Kraft has demanded that Northbrook acknowledge and accept its insuring obligations under the specified policy for the claims referenced, and as of the date herein, said defendant has failed to acknowledge said insuring obligations.

96. American States issued the following Liability Insurance Policies responsive to the *Monsanto* Suit for which relief has been sought herein:

### Policies Issued to Mallory

| Policy Period | Policy Number |
|---|---|
| 8/14/74 - 8/14/77 | XS 000-106 |
| 8/14/77 - 10/1/78 | XS 122-797 |

The insured has performed all obligations and satisfied all conditions of the foregoing Liability Insurance Policies, or such performance or satisfaction has been waived or excused by the conduct of this defendant or by operation of law.  Kraft has demanded that American States acknowledge

28

and accept its insuring obligations under the specified policy for the claims referenced, and as of the date herein, said defendant has failed to acknowledge said insuring obligations.

97.     Royal Indemnity issued the following Liability Insurance Policies responsive to the *Monsanto* Suit for which relief has been sought herein:

### *Policies Issued to Dart & Kraft*

| Policy Period | Policy Number |
|---|---|
| 12/1/82 - 7/1/83 | ED 101857 |
| 7/1/83 - 7/1/84 | ED 102125 |
| 7/1/84 - 7/1/85 | ED 102667 |

The insured has performed all obligations and satisfied all conditions of the foregoing Liability Insurance Policies, or such performance or satisfaction has been waived or excused by the conduct of this defendant or by operation of law.  Kraft has demanded that Royal Indemnity acknowledge and accept its insuring obligations under the specified policy for the claims referenced, and as of the date herein, said defendant has failed to acknowledge said insuring obligations.

98.     Auto-Owners issued the following Liability Insurance Policy responsive to the *Monsanto* Suit for which relief has been sought herein:

### *Policy Issued to Mallory*

| Policy Period | Policy Number |
|---|---|
| 8/14/74 - 8/14/77 | 742102 71203930 |

The insured has performed all obligations and satisfied all conditions of the foregoing Liability Insurance Policy, or such performance or satisfaction has been waived or excused by the conduct of this defendant or by operation of law.  Kraft has demanded that Auto-Owners acknowledge and accept its insuring obligations under the specified policy for the claims referenced, and as of the date herein, said defendant has failed to acknowledge said insuring obligations.

99.     American Centennial issued the following Liability Insurance Policies responsive to the *Monsanto* Suit for which relief has been sought herein:

### Policies Issued to Dart & Kraft

| Policy Period | Policy' Number |
|---|---|
| 1/1/82 - 7/1/82 | CC 00-53-01 |
| 7/1/83 - 7/1/84 | CC 01-60-10 |
| 7/1/84 - 7/1/85 | CC 01-60-42 |

The insured has performed all obligations and satisfied all conditions of the foregoing Liability Insurance Policies, or such performance or satisfaction has been waived or excused by the conduct of this defendant or by operation of law. Kraft has demanded that American Centennial acknowledge and accept its insuring obligations under the specified policy for the claims referenced, and as of the date herein, said defendant has failed to acknowledge said insuring obligations.

100.     Century Indemnity, by and through California Union, issued the following Liability Insurance Policies responsive to the *Monsanto* Suit for which relief has been sought herein:

### Policies Issued to Dart

| Policy Period | Policy Number |
|---|---|
| 4/1/79 - 4/1/80 | ZCX 00 35 86 |
| 4/1/79 - 4/1/80 | ZCX 00 35 87 |
| 4/1/79 - 4/1/80 | ZCX 00 35 88 |

### Policy Issued to Dart & Kraft

| Policy Period | Policy Number |
|---|---|
| 7/1/84 - 7/1/85 | ZCX 007227 |

The insured has performed all obligations and satisfied all conditions of the foregoing Liability Insurance Policies, or such performance or satisfaction has been waived or excused by the conduct of this defendant or by operation of law.  Kraft has demanded that California Union acknowledge

and accept its insuring obligations under the specified policy for the claims referenced, and as of the date herein, said defendant has failed to acknowledge said insuring obligations.

101.    Lloyd's & London Market Companies issued the following Liability Insurance Policies responsive to the *Monsanto* Suit for which relief has been sought herein against Lloyd's & London Market Companies:

**Policies Issued to Mallory**

| Policy Period | Policy Number |
|---|---|
| 10/1/77 - 10/1/80 | 4403252 |
| 10/1/77 - 2/1/79 | 4403253 |
| 10/1/77 - 10/1/78 | 4403255 |
| 10/1/78 - 2/1/79 | 4403557 |

**Policies Issued to Dart**

| Policy Period | Policy Number |
|---|---|
| 4/1/79 - 4/1/80 | 881/ULL 0393 |
| 4/1/79 - 4/1/80 | 881/ULL 0392 |
| 4/1/79 - 4/1/80 | 881/ULL 0394 |
| 4/1/79 - 4/1/80 | ULL 0395 |
| 4/1/80 - 4/1/81 | 551/UMA 0173 |
| 4/1/80 - 4/1/81 | 551/UMA 0174 |
| 4/1/80 - 4/1/81 | 551/UMA 0175 |
| 4/1/80 - 4/1/81 | 551/UMA 0176 |
| 4/1/81 - 1/1/82 | UNA 0158 |
| 4/1/81 - 1/1/82 | UNA 0159 |
| 4/1/81 - 1/1/82 | UNA 0160 |
| 4/1/81 - 1/1/82 | UNA 0161 |
| 4/1/81 - 1/1/82 | UNA 0162 |

The insured has performed all obligations and satisfied all conditions of the foregoing Liability Insurance Policies, or such performance or satisfaction has been waived or excused by the conduct of this defendant or by operation of law.  Kraft has demanded that Lloyd's & London Market Companies acknowledge and accept its insuring obligations under the specified policy for the

claims referenced, and as of the date herein, said defendant has failed to acknowledge said insuring obligations.

102.   Continental issued the following Liability Insurance Policies responsive to the *Monsanto* Suit for which relief has been sought herein:

**Policy Issued to Mallory**

| Policy Period | Policy Number |
| --- | --- |
| 10/1/78 - 10/1/79 | 134672 |

The insured has performed all obligations and satisfied all conditions of the foregoing Liability Insurance Policies, or such performance or satisfaction has been waived or excused by the conduct of this defendant or by operation of law.  Kraft has demanded that Continental acknowledge and accept its insuring obligations under the specified policy for the claims referenced, and as of the date herein, said defendant has failed to acknowledge said insuring obligations.

103.   Employers Mutual issued the following Liability Insurance Policies responsive to the *Monsanto* Suit for which relief has been sought herein:

**Policies Issued to Dart & Kraft**

| Policy Period | Policy Number |
| --- | --- |
| 1/1/82 - 7/1/83 | MMMW-72048 |
| 7/1/83 - 7/1/84 | MMMW-72106 |
| 7/1/84 - 7/1/85 | MMMW-72164 |

The insured has performed all obligations and satisfied all conditions of the foregoing Liability Insurance Policies, or such performance or satisfaction has been waived or excused by the conduct of this defendant or by operation of law.  Kraft has demanded that Employers Mutual acknowledge and accept its insuring obligations under the specified policy for the claims referenced, and as of the date herein, said defendant has failed to acknowledge said insuring obligations.

104.    Evanston issued the following Liability Insurance Policy responsive to the *Monsanto* Suit for which relief has been sought herein:

### Policy Issued to Dart & Kraft

| Policy Period | Policy Number |
|---|---|
| 7/1/84 - 7/1/85 | LE 10392 |

The insured has performed all obligations and satisfied all conditions of the foregoing Liability Insurance Policy, or such performance or satisfaction has been waived or excused by the conduct of this defendant or by operation of law.  Kraft has demanded that Evanston acknowledge and accept its insuring obligations under the specified policy for the claims referenced, and as of the date herein, said defendant has failed to acknowledge said insuring obligations.

105.    Federal issued the following Liability Insurance Policies responsive to the *Monsanto* Suit for which relief has been sought herein:

### Policies Issued to Dart

| Policy Period | Policy Number |
|---|---|
| 4/1/79 - 4/1/80 | (80) 7932-56-13 |
| 4/1/79 - 4/1/80 | (80) 7932-56-12 |
| 4/1/80 - 4/1/81 | (81) 7932-56-13 |
| 4/1/80 - 4/1/81 | (81) 7932-56-12 |

### Policies Issued to Dart & Kraft

| Policy Period | Policy Number |
|---|---|
| 4/1/81 - 4/1/82 | (82) 7932-56-13 |
| 4/1/81 - 4/1/82 | (82) 7932-56-12 |

The insured has performed all obligations and satisfied all conditions of the foregoing Liability Insurance Policies, or such performance or satisfaction has been waived or excused by the conduct of this defendant or by operation of law.  Kraft has demanded that Federal acknowledge and accept its insuring obligations under the specified policy for the claims

33

referenced, and as of the date herein, said defendant has failed to acknowledge said insuring obligations.

106.    Fireman's Fund issued the following Liability Insurance Policy responsive to the *Monsanto* Suit for which relief has been sought herein:

### Policy Issued to Dart

| Policy Period | Policy Number |
|---|---|
| 4/1/79 - 4/1/81 | XLX 130-05-24 |

The insured has performed all obligations and satisfied all conditions of the foregoing Liability Insurance Policy, or such performance or satisfaction has been waived or excused by the conduct of this defendant or by operation of law.  Kraft has demanded that Fireman's Fund acknowledge and accept its insuring obligations under the specified policy for the claims referenced, and as of the date herein, said defendant has failed to acknowledge said insuring obligations.

107.    First State issued the following Liability Insurance Policies responsive to the *Monsanto* Suit for which relief has been sought herein:

### Policies Issued to Mallory

| Policy Period | Policy Number |
|---|---|
| 10/1/70 - 10/1/73 | 920140 |
| 10/1/73 - 10/1/76 | 921073 |
| 10/1/73 - 10/1/76 | 921074 |
| 11/1/76 - 10/1/77 | 922164 |

### Policy Issued to Dart & Kraft

| Policy Period | Policy Number |
|---|---|
| 1/1/82 - 7/1/82 | 933155 |

The insured has performed all obligations and satisfied all conditions of the foregoing Liability Insurance Policies, or such performance or satisfaction has been waived or excused by the conduct

of this defendant or by operation of law.  Kraft has demanded that First State acknowledge and accept its insuring obligations under the specified policy for the claims referenced, and as of the date herein, said defendant has failed to acknowledge said insuring obligations.

108.    North Star issued the following Liability Insurance Policies responsive to the *Monsanto* Suit for which relief has been sought herein:

### Policies Issued to Mallory

| Policy Period | Policy Number |
|---|---|
| 10/1/70 - 10/1/73 | NSX-8874 |
| 10/1/73 - 10/1/76 | NSX-11672 |

The insured has performed all obligations and satisfied all conditions of the foregoing Liability Insurance Policies, or such performance or satisfaction has been waived or excused by the conduct of this defendant or by operation of law.  Kraft has demanded that North Star acknowledge and accept its insuring obligations under the specified policy for the claims referenced, and as of the date herein, said defendant has failed to acknowledge said insuring obligations.

109.    Granite issued the following Liability Insurance Policies responsive to the *Monsanto* Suit for which relief has been sought herein:

### Policy Issued to Mallory

| Policy Period | Policy Number |
|---|---|
| 11/1/76 - 10/1/77 | SCLD 80-93940 |

### Policies Issued to Dart

| Policy Period | Policy Number |
|---|---|
| 4/1/79 - 4/1/80 | 6279-1176 |
| 4/1/79 - 4/1/80 | 6279-0178 |
| 4/1/80 - 4/1/81 | 6280-1176 |
| 4/1/80 - 4/1/81 | 6280-0178 |

### *Policies Issued to Dart & Kraft*

| Policy Period | Policy Number |
|---|---|
| 4/1/81 - 4/1/82 | 6281-2925 |
| 7/1/84 - 7/1/85 | 6684-5006 |

The insured has performed all obligations and satisfied all conditions of the foregoing Liability Insurance Policies, or such performance or satisfaction has been waived or excused by the conduct of this defendant or by operation of law.  Kraft has demanded that Granite acknowledge and accept its insuring obligations under the specified policy for the claims referenced, and as of the date herein, said defendant has failed to acknowledge said insuring obligations.

110.     Hartford Accident issued the following Liability Insurance Policies responsive to the *Monsanto* Suit for which relief has been sought herein:

### *Policies Issued to Dart & Kraft*

| Policy Period | Policy Number |
|---|---|
| 1/1/82 - 7/1/83 | 83 XS 102488 |
| 7/1/83 - 7/1/84 | 83 XS 102922 |
| 7/1/83 - 7/1/84 | 83 XS 102923 |

The insured has performed all obligations and satisfied all conditions of the foregoing Liability Insurance Policies, or such performance or satisfaction has been waived or excused by the conduct of this defendant or by operation of law.  Kraft has demanded that Hartford Accident acknowledge and accept its insuring obligations under the specified policy for the claims referenced, and as of the date herein, said defendant has failed to acknowledge said insuring obligations.

111.     Indiana issued the following Liability Insurance Policies responsive to the *Monsanto* Suit for which relief has been sought herein:

*Policies Issued to Mallory*

| Policy Period | Policy Number |
|---|---|
| 8/14/74 - 8/14/77 | 14-003-427 |
| 8/14/77 - 10/1/78 | 14-008-600 |
| 10/1/78 - 10/1/79 | 14-013-977 |

The insured has performed all obligations and satisfied all conditions of the foregoing Liability Insurance Policies, or such performance or satisfaction has been waived or excused by the conduct of this defendant or by operation of law.  Kraft has demanded that Indiana acknowledge and accept its insuring obligations under the specified policy for the claims referenced, and as of the date herein, said defendant has failed to acknowledge said insuring obligations.

112.    INA issued the following Liability Insurance Policies responsive to the *Monsanto* Suit for which relief has been sought herein:

*Policies Issued to Mallory*

| Policy Period | Policy Number |
|---|---|
| 1/1/54 - 1/1/55 | LAB 6502 |
| 1/1/54 - 1/1/55 | CLP 4242 |
| 1/1/55 - 1/1/56 | LAB 6530 |
| 1/1/56 - 1/1/57 | 9LAB 7645 |
| 1/1/57 - 1/1/58 | 9LAB 8661 |
| 1/1/57 - 1/1/58 | CLP 37763 |
| 1/1/58 - 1/1/59 | 9LAB 8701 |
| 1/1/59 - 1/1/60 | 9LAB 9990 |
| 1/1/59 - 1/1/60 | 9CLP 48275 |
| 1/1/60 - 1/1/61 | LAB 10015 |
| 1/1/60 - 1/1/61 | CLP 48314 |
| 1/1/60 - 1/1/61 | XBC 302 |
| 1/1/61 - 1/1/62 | LAB 13312 |
| 1/1/61 - 1/1/62 | CLP 69554 |
| 7/19/61 - 7/19/62 | XBC 648 |
| 7/19/62 - 7/19/63 | XBC 648 |
| 1/1/62 - 1/1/63 | CLP 73929 |
| 1/1/63 - 1/1/66 | CLP 80708 |
| 1/1/63 - 1/1/66 | LAB 14282 |
| 1/1/63 - 1/1/64 | XBC 3406 |
| 1/1/64 - 1/1/65 | XBC 3406 |

| | |
|---|---|
| 1/1/65 - 1/1/66 | XBC 3406 |
| 1/1/66 - 1/1/67 | XBC 3406 |
| 1/1/66 - 1/1/67 | LAB 19722 |
| 1/1/67 - 1/1/68 | GAL 2 24 34 |
| 1/1/67 - 1/1/68 | LAB 19770 |
| 1/1/67 - 1/1/68 | XBC 17253 |
| 1/1/68 - 1/1/69 | LAB 22622 |
| 1/1/69 - 1/1/70 | LAB 22622 |
| 1/1/70 - 10/1/70 | LAB 22622 |
| 1/1/68 - 1/1/70 | GAL 22567 |
| 1/1/68 - 1/1/70 | XBC 17453 |

### *Policies Issued to Dart & Kraft*

| Policy Period | Policy Number |
|---|---|
| 10/17/84 - 7/1/85 | XCP 156741 |
| 7/1/84 - 7/1/85 | XCP 155889 |

The insured has performed all obligations and satisfied all conditions of the foregoing Liability Insurance Policies, or such performance or satisfaction has been waived or excused by the conduct of this defendant or by operation of law.  Kraft has demanded that INA acknowledge and accept its insuring obligations under the specified policy for the claims referenced, and as of the date herein, said defendant has failed to acknowledge said insuring obligations.

113.    Lexington issued the following Liability Insurance Policies responsive to the *Monsanto* Suit for which relief has been sought herein:

### *Policies Issued to Mallory*

| Policy Period | Policy Number |
|---|---|
| 10/1/77 - 10/1/80 | 5507010 |
| 10/1/77 - 2/1/79 | 5507011 |
| | 4403254 |

The insured has performed all obligations and satisfied all conditions of the foregoing Liability Insurance Policies, or such performance or satisfaction has been waived or excused by the conduct of this defendant or by operation of law.  Kraft has demanded that Lexington acknowledge and

accept its insuring obligations under the specified policy for the claims referenced, and as of the date herein, said defendant has failed to acknowledge said insuring obligations.

114.    American Re issued the following Liability Insurance Policies responsive to the *Monsanto* Suit for which relief has been sought herein:

### Policies Issued to Mallory

| Policy Period | Policy Number |
|---|---|
| 10/1/70 - 10/1/73 | M 0372691 |
| 10/1/73 - 10/1/76 | M 0694175 |

The insured has performed all obligations and satisfied all conditions of the foregoing Liability Insurance Policies, or such performance or satisfaction has been waived or excused by the conduct of defendant or by operation of law.  Kraft has demanded that American Re acknowledge and accept its insuring obligations under the specified policy for the claims referenced, and as of the date herein, said defendant has failed to acknowledge said insuring obligations.

115.    National Union issued the following Liability Insurance Policies responsive to the *Monsanto* Suit for which relief has been sought herein:

### Policies Issued to Dart & Kraft

| Policy Period | Policy Number |
|---|---|
| 1/1/82 - 7/1/83 | 1186361 |
| 7/1/83 - 7/1/84 | 9605616 |
| 7/1/84 - 7/1/85 | 9605740 |
| 7/1/84 - 7/1/85 | 9605781 |

The insured has performed all obligations and satisfied all conditions of the foregoing Liability Insurance Policies, or such performance or satisfaction has been waived or excused by the conduct of this defendant or by operation of law.  Kraft has demanded that National Union acknowledge and accept its insuring obligations under the specified policy for the claims referenced, and as of the date herein, said defendant has failed to acknowledge said insuring obligations.

116.    Landmark issued the following Liability Insurance Policies responsive to the *Monsanto* Suit for which relief has been sought herein:

### Policies Issued to Dart

| Policy Period | Policy Number |
|---|---|
| 4/1/79 - 4/1/80 | FE 400 01 31 |
| 4/1/79 - 4/1/80 | FE 400 01 32 |
| 4/1/80 - 4/1/81 | FE 400 03 32 |
| 4/1/80 - 4/1/82 | FE 400 03 33 |

### Policy Issued to Dart & Kraft

| Policy Period | Policy Number |
|---|---|
| 4/1/81 - 4/1/82 | FE 400 03 32 |

The insured has performed all obligations and satisfied all conditions of the foregoing Liability Insurance Policies, or such performance or satisfaction has been waived or excused by the conduct of this defendant or by operation of law.  Kraft has demanded that Landmark acknowledge and accept its insuring obligations under the specified policy for the claims referenced, and as of the date herein, said defendant has failed to acknowledge said insuring obligations.

117.    New England Re issued the following Liability Insurance Policies responsive to the *Monsanto* Suit for which relief has been sought herein:

### Policy Issued to Dart

| Policy Period | Policy Number |
|---|---|
| 4/1/79 - 4/1/81 | 791265 |

### Policy Issued to Dart & Draft

| Policy Period | Policy Number |
|---|---|
| 4/1/81 - 4/1/82 | 791610 |

Plaintiff has performed all obligations and satisfied all conditions of the foregoing Liability Insurance Policies, or such performance or satisfaction has been waived or excused by the conduct of this defendant or by operation of law.  Kraft has demanded that New England Re acknowledge and accept its insuring obligations under the specified policy for the claims referenced, and as of the date herein, said defendant has failed to acknowledge said insuring obligations.

118.     Safety Mutual Casualty issued the following Liability Insurance Policies responsive to the *Monsanto* Suit for which relief has been sought herein:

### *Policies Issued to Dart & Kraft*

| Policy Period | Policy Number |
|---|---|
| 7/1/83 - 7/1/84 | UF 1218 |
| 7/1/84 - 7/1/85 | UF 1973 |

The insured has performed all obligations and satisfied all conditions of the foregoing Liability Insurance Policies, or such performance or satisfaction has been waived or excused by the conduct of this defendant or by operation of law.  Kraft has timely demanded that Safety Mutual Casualty acknowledge and accept its insuring obligations under the specified policy for the claims referenced, and as of the date herein, said defendant has failed to acknowledge said insuring obligations.

119.     St. Paul Mercury (AFIA) issued the following Liability Insurance Policy responsive to the *Monsanto* Suit for which relief has been sought herein:

### *Policy Issued to Dart & Kraft*

| Policy Period | Policy Number |
|---|---|
| 7/1/83 - 7/1/84 | EX 02-1027 |

The insured has performed all obligations and satisfied all conditions of the foregoing Liability Insurance Policy, or such performance or satisfaction has been waived or excused by the conduct

of this defendant or by operation of law.  Kraft has demanded that St. Paul Mercury (AFIA) acknowledge and accept its insuring obligations under the specified policy for the claims referenced, and as of the date herein, said defendant has failed to acknowledge said insuring obligations.

120.    Republic issued the following Liability Insurance Policies responsive to the *Monsanto* Suit for which relief has been sought herein:

### *Policy Issued to Dart & Kraft*

| Policy Period | Policy Number |
|---|---|
| 7/1/84 - 7/1/85 | CDE 1049 |

The insured has performed all obligations and satisfied all conditions of the foregoing Liability Insurance Policies, or such performance or satisfaction has been waived or excused by the conduct of this defendant or by operation of law.  Kraft has demanded that Republic acknowledge and accept its insuring obligations under the specified policy for the claims referenced, and as of the date herein, said defendant has failed to acknowledge said insuring obligations.

121.    Gibraltar Casualty issued the following Liability Insurance Policies responsive to the *Monsanto* Suit for which relief has been sought herein:

### *Policies Issued to Dart & Kraft*

| Policy Period | Policy Number |
|---|---|
| 1/1/82 - 7/1/83 | GMX 01612 |
| 1/1/82 - 7/1/83 | GMX 01659 |
| 7/1/83 - 7/1/84 | GMX 02324 |
| 7/1/83 - 7/1/84 | GMX 02325 |

The insured has performed all obligations and satisfied all conditions of the foregoing Liability Insurance Policies, or such performance or satisfaction has been waived or excused by the conduct of this defendant or by operation of law.  Kraft has demanded that Gibraltar Casualty acknowledge

and accept its insuring obligations under the specified policy for the claims referenced, and as of the date herein, said defendant has failed to acknowledge said insuring obligations.

122.    Transamerica Premier issued the following Liability Insurance Policy responsive to the *Monsanto* Suit for which relief has been sought herein:

### Policy Issued to Dart & Kraft

| Policy Period | Policy Number |
|---|---|
| 7/1/84 - 7/1/85 | USE 1339-7799 |

Insured has performed all obligations and satisfied all conditions of the foregoing Liability Insurance Policy, or such performance or satisfaction has been waived or excused by the conduct of this defendant or by operation of law.  Kraft has demanded that Transamerica Premier acknowledge and accept its insuring obligations under the specified policy for the claims referenced, and as of the date herein, said defendant has failed to acknowledge said insuring obligations.

123.    ISLIC issued the following Liability Insurance Policies responsive to the *Monsanto* Suit for which relief has been sought herein:

### Policies Issued to Dart

| Policy Period | Policy Number |
|---|---|
| 4/1/79 - 4/1/80 | XSI 4610 |
| 4/1/79 - 4/1/81 | XSI 4611 |
| 4/1/79 - 4/1/80 | XSI 4612 |
| 4/1/80 - 4/1/81 | XSI 4610 |
| 4/1/80 - 4/1/81 | XSI 4612 |

International issued the following Liability Insurance Policies responsive to the *Monsanto* Suit for which relief has been sought herein:

### Policies Issued to Dart & Kraft

| Policy Period | Policy Number |
|---|---|
| 4/1/81 - 4/1/82 | 522 027164 7 |
| 4/1/81 - 4/1/82 | 522 027165 6 |
| 4/1/81 - 4/1/82 | 522 027166 5 |
| 1/1/82 - 7/1/83 | 522 030936 6 |
| 1/1/82 - 7/1/83 | 522 030947 4 |
| 1/1/82 - 7/1/83 | 522 030940 2 |
| 7/1/83 - 7/1/84 | 522 043699 5 |
| 7/1/83 - 7/1/84 | 522 043700 4 |
| 7/1/84 - 7/1/85 | 522 047374 2 |
| 7/1/84 - 6/30/85 | 522 047375 1 |

The insured has performed all obligations and satisfied all conditions of the foregoing Liability Insurance Policies, or such performance or satisfaction has been waived or excused by the conduct of this defendant or by operation of law.  Kraft has demanded that International and ISLIC acknowledge and accept their insuring obligations under the specified policies for the claims referenced, and as of the date herein, said defendants have failed to acknowledge said insuring obligations.

124.    Aetna Casualty issued the following Liability Insurance Policy responsive to the *Monsanto* Suit for which relief has been sought herein:

### Policy Issued to Dart & Kraft

| Policy Period | Policy Number |
|---|---|
| 1/1/82 - 1/1/83 | 08 XN 183 WCA |

The insured has performed all obligations and satisfied all conditions of the foregoing Liability Insurance Policy, or such performance or satisfaction has been waived or excused by the conduct of this defendant or by operation of law.  Kraft has demanded that Aetna Casualty acknowledge and accept its insuring obligations under the specified policy for the claims referenced, and as of the date herein, said defendant has failed to acknowledge said insuring obligations.

44

125.    Twin City issued the following Liability Insurance Policy responsive to the *Monsanto* Suit for which relief has been sought herein:

### *Policy Issued to Dart & Kraft*

| Policy Period | Policy Number |
|---|---|
| 7/1/83 - 7/1/84 | TXS 102243 |

The insured has performed all obligations and satisfied all conditions of the foregoing Liability Insurance Policy, or such performance or satisfaction has been waived or excused by the conduct of this defendant or by operation of law.  Kraft has demanded that Twin City acknowledge and accept its insuring obligations under the specified policy for the claims referenced, and as of the date herein, said defendant has failed to acknowledge said insuring obligations.

126.    Great Southwest Fire issued the following Liability Insurance Policy responsive to the *Monsanto* Suit for which relief has been sought herein:

### *Policy Issued to Dart & Kraft*

| Policy Period | Policy Number |
|---|---|
| 7/1/84 - 7/1/85 | AUM 30280 |

The insured has performed all obligations and satisfied all conditions of the foregoing Liability Insurance Policy, or such performance or satisfaction has been waived or excused by the conduct of this defendant or by operation of law.  Kraft has demanded that Great Southwest Fire acknowledge and accept its insuring obligations under the specified policy for the claims referenced, and as of the date herein, said defendant has failed to acknowledge said insuring obligations.

127.    Manhattan Fire issued the following Liability Insurance Policy responsive to the *Monsanto* Suit for which relief has been sought herein:

*Policy Issued to Mallory*

| Policy Period | Policy Number |
|---|---|
| 11/1/76 - 10/1/77 | ML 65 01 52 |

The insured has performed all obligations and satisfied all conditions of the foregoing Liability Insurance Policy, or such performance or satisfaction has been waived or excused by the conduct of this defendant or by operation of law.  Kraft has demanded that Manhattan Fire acknowledge and accept its insuring obligations under the specified policy for the claims referenced, and as of the date herein, said defendant has failed to acknowledge said insuring obligations.

### First Claim for Relief Against INA
### (Breach of Contract – Duty to Defend or Reimburse Defense Costs)

128.    Plaintiff repeats the allegations set forth in paragraphs 1 through 127 as though fully set forth herein.

129.    The INA policies with the policy prefix "LAB" are comprehensive general liability policies that provide primary, "dollar one" coverage for "all sums" that the insured shall become legally obligated to pay as damages, including by assuming liability under contract, because of personal injury or property damage that takes place during the policy period, that is caused by an "occurrence," and that arises out of the operations of the insured.  Under these policies, INA has the "duty to defend any suit against the insured seeking damages on account of such personal injury [or] property damage . . . even if any of the allegations of the suit are groundless false or fraudulent . . . ."  *See, e.g.*, INA Policy No. LAB 2 26 22 (insuring agreement).  These policies include coverage for claims falling within the policies' "products hazard" coverage which is defined as including personal injury and property damage arising out of Mallory's products or reliance upon a representation or warranty made at any time with respect thereto, if the personal injury or property damage occurs away from premises owned by or rented to Mallory and after

46

physical possession of such products has been relinquished to others.  *See, e.g.*, INA Policy No. LAB 2 26 22 (definition of "products hazard").

130.    To date, plaintiff has incurred substantial costs in connection with the defense of the *Monsanto* Suit claims against Mallory.

131.    With respect to the *Monsanto* Suit, INA has had and continues to have a duty to defend, or a duty to pay the defense costs incurred in the defense of, the *Monsanto* Suit's claims against Mallory.

132.    As INA and the other ACE-Related Defendants have long known and have previously litigated resulting in judgment for plaintiff (then known as Kraft Foods Global, Inc. f/k/a Kraft Foods North America, Inc.), plaintiff is insured under Liability Insurance Policies including the INA policies with the policy prefix "LAB" with respect to alleged liability arising from Mallory's historic non-battery business conduct.  *See P.R. Mallory*, 2004 WL 1737489, at *10-11, *15 (granting Kraft Foods North America, Inc.'s motion for partial summary judgment; denying "ACE-Related Defendants' Motion for Partial Summary Judgment that Kraft Foods North America Inc. is not an Insured Under the Policies Issued to P.R. Mallory Co. . . . and Dart Industries Inc."; and entering judgment against ACE-Related Defendants on their affirmative defenses related to the insurance rights of Kraft Foods North America, Inc. (now plaintiff Kraft Heinz Foods Company)).

133.    As INA and the other ACE-Related Defendants have long known and have previously litigated resulting in judgment for plaintiff, plaintiff is also entitled to recover under the doctrine of equitable subrogation because it is paying, not as a volunteer, for claims allegedly arising from Mallory's historic non-battery business, which defendants insured but have failed or refused to pay.  *See P.R. Mallory*, 2004 WL 1737489, at *15.

134.    INA, the other ACE-Related Defendants, and other defendants are estopped and precluded from contesting, and have waived any right to contest, that plaintiff is insured under the Liability Insurance Policies including the INA policies with the policy prefix "LAB," having fully and finally adjudicated, admitted, agreed, and acquiesced through their conduct to plaintiff's rights as an insured.

135.    Nevertheless, INA has failed to acknowledge and undertake its duty to defend, or to pay the defense costs incurred by Kraft under the Liability Insurance Policies for which it is responsible, and therefore has breached these contracts of insurance.

136.    An actual and justiciable controversy presently exists between plaintiff and INA with respect to the INA "LAB"-prefixed policies concerning INA's obligations to pay and/or reimburse all sums spent in defense and investigation of the *Monsanto* Suit asserted against and relating to the operations of Mallory including the manufacture and sale of PCB-containing products.

137.    As a direct and proximate result of these breaches, Kraft has incurred, and will continue to incur, substantial damages.  Plaintiff also is entitled to all other direct, indirect, consequential, special, and compensatory damages resulting from INA's breach of contract.

**Second Claim for Relief Against INA**
**(Declaratory Relief – Duty to Defend or Reimburse Defense Costs)**

138.    Plaintiff repeats the allegations set forth in paragraphs 1 through 137 as though fully set forth herein.

139.    INA has failed to acknowledge and undertake its duty to defend, or to pay the defense costs incurred by Kraft, under the Liability Insurance Policies for which it is responsible.

140.    An actual and justiciable controversy presently exists between plaintiff and INA with respect to the INA "LAB"-prefixed policies concerning INA's obligations to pay and/or

48

reimburse all sums spent in defense and investigation of the *Monsanto* Suit asserted against and relating to the operations of Mallory including the manufacture and sale of PCB-containing products.

141.    Plaintiff seeks a determination that the so-called defenses to INA's duty to defend or pay or reimburse the *Monsanto* Suit defense costs have no merit, and seeks a declaration and order that INA has had and continues to have a duty to reimburse and pay on a going-forward basis the costs for defending the *Monsanto* Suit as well as such other, ancillary, and further declarations as the Court deems just and proper to resolve the parties' disputes concerning plaintiff's rights to coverage for the defense costs for the *Monsanto* Suit under the INA "LAB"-prefixed policies.

### Third Claim for Relief Against All Defendant Insurers
### (Declaratory Relief – Duty to Defend or Reimburse Defense and Settlement/Judgment Costs)

142.    Plaintiff repeats the allegations set forth in paragraphs 1 through 127 as though fully set forth herein.

143.    As defendants have long known, plaintiff is insured under the Liability Insurance Policies with respect to alleged liability arising from Mallory's historic non-battery business conduct.  All or some defendants are also estopped and precluded from contesting, and have waived any right to contest, that plaintiff is insured under the Liability Insurance Policies, having fully and finally adjudicated, admitted, agreed, or acquiesced through their conduct to plaintiff's rights as an insured.

144.    The specified defendants have failed or refused to acknowledge, accept or undertake their obligations to pay or reimburse in full their legal liabilities, including all sums spent in defense and investigation of and in meeting any settlements and judgments, in connection with the *Monsanto* Suit.

145.   An actual and justiciable controversy presently exists between plaintiff and the specified defendants and Liability Insurance Policies identified on Schedule 1 concerning these defendants' obligations to pay in full legal liabilities, including all sums spent in defense and investigation of and in meeting any settlements and judgments, in connection with the *Monsanto* Suit asserted against or relating to the ownership or operations of Mallory.

146.   Plaintiff seeks a determination that the so-called defenses to coverage for the defense and settlement and/or judgment costs arising out of the *Monsanto* Suit's claims against Mallory have no merit, and seeks the following declarations and orders: (i) that Kraft  has the right to make claims under the Liability Insurance Policies with respect to occurrences involving Mallory's alleged liability; (ii) that each defendant is estopped, precluded, or has waived any right to contest that Kraft has such rights under the Liability Insurance Policies; (iii) that the *Monsanto* Suit seeks damages potentially and/or actually covered under the Liability Insurance Policies, including specifically the products hazard coverage under those policies, and therefore the defendants' obligations to pay or reimburse the costs for defending, as well as any settlement or judgment costs for, the *Monsanto* Suit are implicated; (iv) that if any allegations or part or portion of the *Monsanto* Suit complaint is actually or potentially covered under any of the Liability Insurance Policies, each defendant insurer (as selected by plaintiff in its sole discretion) must reimburse the costs of defending all claims against Mallory or its successors in the *Monsanto* Suit; (v) that plaintiff is not required to involuntarily allocate defense or settlement/judgment costs for the *Monsanto* Suit but rather may select the triggered Liability Insurance Policy or Policies and policy year or policy years to which to allocate such defense or settlement/judgment costs; (vi) that the deductibles and self-insured retentions or retained limits in any Liability Insurance Policy are not "other insurance" in the context of the Liability Insurance Policies in this case; (vii) that

plaintiff is not required to pay or reimburse *Monsanto* Suit costs on account of deductibles or self-insured retentions as long as there is available coverage under the Liability Insurance Policies that does not contain such deductibles or self-insured retentions; (viii) the *Monsanto* Suit alleges an occurrence under the Liability Insurance Policies; (ix) that because defendants have or will have failed or refused to acknowledge and undertake their obligations to provide a defense or pay or reimburse defense or settlement/judgment costs for the *Monsanto* Suit that are now, or will be, due and owing, each such defendant insurer has waived and is estopped from asserting or attempting to assert any policy condition, limitation, or other contractual defense as long as it remains in breach; and (x) such other, ancillary and further declarations as the Court deems just and proper to resolve the parties' disputes concerning plaintiff's rights to coverage for the *Monsanto* Suit under the Liability Insurance Policies and the defendant insurers' obligations under the same.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands judgment as follows:

147.    On Count 1, that plaintiff be awarded damages, including compensatory damages, in an amount to be determined by the trier of fact at trial, along with attorneys' fees and costs;

148.    On Counts 2 and 3, that this Court determine and declare that the defendant insurance companies are obligated to pay or reimburse in full plaintiff's costs and expenses for investigation and defense of the *Monsanto* Suit and to pay or reimburse in full plaintiff's legal liabilities in connection with said Suit;

(a)    On Count 2, that INA has a duty to defend and pay and reimburse defense costs that have been incurred and continue to be incurred in the defense of Mallory in the *Monsanto* Suit under INA's "LAB"-prefixed policies, and such other, ancillary, and further declarations as the Court deems just and proper to resolve the parties' disputes concerning

51

plaintiff's rights to coverage for the defense costs for the *Monsanto* Suit under the INA "LAB"-prefixed policies.

(b) On Count 3, that all defendants have a duty to defend or to pay defense and settlement or judgment costs for *Monsanto* Suit, and to specifically declare (i) that Kraft has the right to make claims under the Liability Insurance Policies with respect to occurrences involving Mallory's alleged liability; (ii) that each defendant is estopped, precluded, or has waived any right to contest that Kraft has such rights under the Liability Insurance Policies; (iii) that the *Monsanto* Suit seeks damages potentially and/or actually covered under the Liability Insurance Policies, including specifically the products hazard coverage under those policies, and therefore the defendants' obligations to pay or reimburse the costs for defending, as well as any settlement or judgment costs for, the *Monsanto* Suit are implicated; (iv) that if any allegations or part or portion of the *Monsanto* Suit complaint is actually or potentially covered under any of the Liability Insurance Policies, each defendant insurer (as selected by plaintiff in its sole discretion) must reimburse the costs of defending all claims against Mallory or its successors in the *Monsanto* Suit; (v) that plaintiff is not required to involuntarily allocate defense or settlement/judgment costs for the *Monsanto* Suit but rather may select the triggered Liability Insurance Policy or Policies and policy year or policy years to which to allocate such defense or settlement/judgment costs; (vi) that the deductibles and self-insured retentions or retained limits in any Liability Insurance Policy are not "other insurance" in the context of the Liability Insurance Policies in this case; (vii) that plaintiff is not required to pay or reimburse *Monsanto* Suit costs on account of deductibles or self-insured retentions as long as there is available coverage under the Liability Insurance Policies that

does not contain such deductibles or self-insured retentions; (viii) that the *Monsanto* Suit alleges an occurrence under the Liability Insurance Policies; (ix) that because defendants have or will have failed or refused to acknowledge and undertake their obligations to provide a defense or pay or reimburse defense or settlement/judgment costs for the *Monsanto* Suit that are now, or will be, due and owing, each such defendant insurer has waived and is estopped from asserting or attempting to assert any policy condition, limitation, or other contractual defense as long as it remains in breach; and (x) such other, ancillary and further declarations as the Court deems just and proper to resolve the parties' disputes concerning plaintiff's rights to coverage for the *Monsanto* suit under the Liability Insurance Policies and the defendant insurers' obligations under the same.

149.    On all Claims for Relief, that plaintiff is entitled to ancillary relief including:

      (a)    Such orders, including injunctive relief, as are necessary to preserve this Court's jurisdiction over the parties and issues herein;

      (b)    Pre-judgment and post-judgment interest according to law; and

      (c)    Plaintiff's costs and expenses of this lawsuit.

150.    On all Claims for Relief, such other and further relief as this Court deems just and proper.

Dated: September 29, 2023                    Respectfully submitted,

                                          Plews Shadley Racher & Braun LLP

                                           */s/ Gregory M. Gotwald*
                                          Gregory M. Gotwald, Atty No. 24911-49
                                          Jeffrey D. Featherstun, Atty No. 17035-49
                                          Christopher E. Kozak, Atty. No. 35554-49
                                          Plews Shadley Racher & Braun LLP
                                          1346 N. Delaware Street
                                          Indianapolis, IN 46202

(317) 637-0700
(317) 534-3506
ggotwald@psrb.com
jfeatherstun@psrb.com
ckozak@psrb.com

Gerald P. Konkel
(*pro hac vice application forthcoming*)
MORGAN LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue NW
Washington DC 20004
gerald.konkel@morganlewis.com
Direct Dial:  202.739.3711

Christopher Popecki
(*pro hac vice application forthcoming*)
MORGAN LEWIS & BOCKIUS LLP
300 South Grand Avenue, Twenty-Second Floor
Los Angeles, California 90071-3132
christopher.popecki@morganlewis.com
Direct Dial:  213.612.2501

*Attorneys for Kraft Heinz Foods Company, a Pennsylvania limited liability company*

## JURY TRIAL DEMAND

Plaintiff hereby demands trial by jury of any and all issues so triable.

Dated: September 29, 2023

Respectfully submitted,

Plews Shadley Racher & Braun LLP

_/s/ Gregory M. Gotwald_
Gregory M. Gotwald, Atty No. 24911-49
Jeffrey D. Featherstun, Atty No. 17035-49
Christopher E. Kozak, Atty. No. 35554-49
Plews Shadley Racher & Braun LLP
1346 N. Delaware Street
Indianapolis, IN 46202
(317) 637-0700
(317) 534-3506
ggotwald@psrb.com
jfeatherstun@psrb.com
ckozak@psrb.com

Gerald P. Konkel
(_pro hac vice application forthcoming_)
MORGAN LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue NW
Washington DC 20004
gerald.konkel@morganlewis.com
Direct Dial:  202.739.3711

Christopher Popecki
(_pro hac vice application forthcoming_)
MORGAN LEWIS & BOCKIUS LLP
300 South Grand Avenue, Twenty-Second Floor
Los Angeles, California 90071-3132
christopher.popecki@morganlewis.com
Direct Dial:  213.612.2501

_Attorneys for Kraft Heinz Foods Company, a Pennsylvania limited liability company_