UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONSANTO COMPANY, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 4:23CV204 HEA |
| MAGNETEK, INC. et al., | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Remand [Doc. No. 52]. Defendants oppose the Motion. For the following reasons, the Court grants the Motion.

## Facts and Background

Plaintiffs filed this action in the Circuit Court of the County of St. Louis. Plaintiffs' First Amended Complaint alleges this is an action to enforce Defendants' written agreements to defend, indemnify, and hold harmless Pharmacia, LLC f/k/a Old Monsanto Company a/k/a Monsanto Chemical Co. ("Old Monsanto") relating to Polychlorinated Biphenyls ("PCBs") that Old Monsanto manufactured and sold to Defendants or their predecessors-in-interest. Defendants have allegedly failed and refused to honor their agreements despite multiple demands from Plaintiffs.

Plaintiffs claim they have incurred defense costs, agreed to and/or paid settlements, and have had judgments entered against them in PCB Lawsuits. Plaintiffs continue to incur substantial costs to defend against certain PCB Lawsuits that should allegedly be borne by Defendants. This lawsuit seeks to recover all of these amounts from Defendants. It also seeks a declaration from the Court that Defendants are required to honor the terms of their agreements and defend, indemnify, and hold harmless Old Monsanto in all currently pending and future PCB Lawsuits.

On February 20, 2023, Defendant GE removed the case to this Court asserting the federal officer removal statute. Section 1442(a)(1) allows "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States" to remove a case to federal court. 28 U.S.C. § 1442(a)(1). Private entities, such as government contractors, "fall within the terms of the federal officer removal statute . . . when the relationship between the contractor and the Government is an unusually close one involving detailed regulation, monitoring, or supervision." *Watson v. Philip Morris Cos.*, 551 U.S. 142, 153 (2007).

In the notice of removal, Defendant alleges removal was timely removed because it was served with the First Amended Complaint on January 31, 2023.

Plaintiffs move to remand asserting Defendants' removal was untimely for failing to remove the action within 30 days of receiving the pleading because the waiver of service was received at the latest January 6, 2023.

Defendants[1] oppose remand, asserting removal was timely since the removal occurred before January 31, 2023. General Electric argues the parties agreed the "service date of the Amended Complaint was January 31, 2023.

## Legal Standard

A defendant may remove to federal court any state court civil action over which the federal court could exercise original jurisdiction. 28 U.S.C. § 1441(a); *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005)).

As the removing party, the defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *In re Prempro*, 591 F.3d at 620. The federal court must remand the case to state court if it appears the federal court lacks subject matter jurisdiction. *Id.*; 28 U.S.C. § 1447(c).

Plaintiffs move to remand arguing Defendant's removal was untimely since Defendant's waiver of service was signed on January 5, 2023 and filed in this

---

[1] Defendants Paramount Global and Cornell Dubilier Electronics Inc. have also filed oppositions to the Motion to Remand even though they did not join in removal.

Court on January 6, 2023, while the removal notice was not filed until February 20, 2023.

Defendants' removal was not timely under 28 U.S.C. § 1446(b)(3) because it was not filed within 30 days of Defendants' execution of the waiver. Defendants contend their removal was timely because it occurred within 30 days of the parties' agreed upon "service" date, January 31, 202.

Title 28 U.S.C § 1446 governs the timeliness of removal and delineates the time periods for removal of actions to federal court. The first period, applicable here, is governed by 28 U.S.C. § 1446(b)(1), which requires the defendant to file a notice of removal within 30 days of service or receipt of the initial pleading. 28 U.S.C. § 1446(b)(1).

"[A] defendant must file a notice of removal within 30 days of one of the statute's triggering events." *Dalton v. Walgreen Co.*, 721 F.3d 492, 493 (8th Cir. 2013). When a defendant does not remove the action within 30 days of receipt of the complaint, the defendant's "notice of removal is timely only if it was filed within 30 days of [the defendant's] receipt of 'an amended pleading, motion, order or other paper from which it may first be ascertained that the case is ... removable.' " *Id*. quoting 28 U.S.C. § 1446(b)(3). See also *Hinz v. Swisher Hygiene USA Operations, Inc.*, No. 4:13-CV-1183 (JAR), 2014 WL 520457, at *1 (E.D. Mo. Feb. 7, 2014) (holding § 1446(b)(1)'s 30-day time limit is "mandatory" and a timely

4

motion for remand for failing to observe the time limit will be granted); *Tripp v. Kline*, No. 4:06-CV-01252 (ERW), 2007 WL 844821, at * 3 (E.D. Mo. Mar. 19, 2017) (the § 1446(b) time limits are mandatory and a "defendant's right to remove is foreclosed" if he fails to timely file a notice of removal).

Defendants' argument is that their removal was timely because the 30-day deadlines began to run on January 31, 2023, the date on which the parties had agreed would be considered the date of "service." Defendants assert that in their discussions regarding waiver and time for filing a responsive pleading, they had agreed on the date of January 31, 2023. Plaintiffs respond that the January 31, 2023 "service date" was set out for the purposes of determining when the responsive pleading would be due.

Regardless of the parties' interpretation as to what was intended, January 31, 2023 is not the salient date for removal purposes. Defendants have not provided any authority supporting their assertion that compliance with the 30-day deadlines in § 1446(b)(1) is discretionary and subject to agreement among the parties. Defendants' argument effectively relegates the statutory deadlines in § 1446(b)(1) to mere suggestions. The Eighth Circuit has made it clear, however, that the provisions are mandatory stating: "a defendant must file a notice of removal within 30 days of one of the statute's triggering events." *Dalton*, 721 F.3d at 493.

5

It is equally clear that this did not occur in this case. Defendant GE signed and sent the waiver on January 5, 2023. It was in a controlling position to wait until January 31, 2023 to send the waiver if it intended the removal to be effective January 31, 2023.

## Conclusion

Based on the foregoing analysis, the Court concludes Defendant's removal was untimely under 28 U.S.,C. § 1446(b)(1). Plaintiffs' Motion to Remand must therefore be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand [Doc. No. 52] is **GRANTED**.

**IT IS FURTHER ORDERED** that this motion is remanded to the Circuit Court for the County of St. Louis, Missouri.

Dated this 6th day of February, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE