**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI EASTERN DIVISION**

| | | |
|---|---|---|
| MONSANTO COMPANY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:23-CV-00204-JMD |
| | ) | |
| MAGNETEK, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' NOTICE OF CASES CITED AT MOTION TO DISMISS HEARING**

Pursuant to the Court's August 11, 2026 Order (Dkt. 239), Plaintiffs Monsanto Co., Solutia, Inc., and Pharmacia LLC, respectfully submit the following list of cases referenced at the August 5, 2026 hearing on Defendants' motions to dismiss.

**Personal Jurisdiction.** *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) (personal jurisdiction requires "highly realistic" approach that looks at contract, prior negotiations, and anticipated future consequences); *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351 (2021) (causal connection not required for specific jurisdiction; affiliation between defendants and jurisdiction suffices); *Houlihan Trading Co. v. CTI Foods, LLC*, No. 4:21-cv-01030, 2021 WL 5758436 (E.D. Mo. Dec. 3, 2021) (applying "highly realistic" approach and finding personal jurisdiction over Texas company who purchased millions of pounds of poultry products from a Missouri company over 20 years); *Dairy Farmers of Am., Inc. v. Bassett & Walker Int'l, Inc.*, 702 F.3d 472 (8th Cir. 2012) (no personal jurisdiction where orders made by phone with representative outside Missouri); *Mountaire Feeds, Inc. v. Agro Impex, S. A.*, 677 F.2d 651 (8th Cir. 1982) (pre-*Burger King* decision finding no personal jurisdiction from short-term relationship where only contacts with forum state were calls and correspondence).

**Text of Special Undertaking Agreements.** *Allison v. Barnes Hosp.*, 873 S.W.2d 288 (Mo. App. 1994) (declining to consider argument that duty to defend should be reviewed more "liberally" than duty to indemnify because both were "subject to the same conditions," which did not require indemnification for indemnitee's negligence); *Alltru Fed. Credit Union v. Starnet Ins. Co.*, 631 F. Supp. 3d 741 (E.D. Mo. 2022) (applying federal pleading standard and state substantive law regarding trigger for duty to defend to evaluate "whether Alltru has stated sufficient factual allegations to plausibly show a **potential for coverage**" (emphasis added)); giving "broad meaning" to "in connection with"); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (applying federal pleading standard, which looks to substantive elements of claim); *Direct Enters., Inc. v. Sensient Colors LLC*, No. 1:15-cv-01333, 2018 WL 1907570 (S.D. Ind. Apr. 23, 2018) (recognizing that, under Missouri law, non-insurance indemnity contracts are subject to the same principles regarding the broad duty to defend being triggered by a claim "'potentially' within the agreement's coverage"); *Economy Forms Corp. v. J.S. Alberici Const. Co.*, 53 S.W.3d 552 (Mo. App. 2000) (distinguishing Special Undertaking from indemnification agreements that are strictly construed not to reach indemnitee's negligence because the "contract is a specific agreement for indemnity" that "recognized the potential dangerous nature of PCBs"); *Energizer Brands, LLC v. Proctor & Gamble Co.*, No. 4:16-CV-223, 2016 WL 2894708 (E.D. Mo. May 18, 2016) (denying motion to dismiss where defendant argued there were "innumerable ways" for offending products to have appeared, as plaintiff sufficiently alleged defendant was responsible and facts were "peculiarly within the possession and control of the defendant"); *Holiday Inns, Inc. v. Thirteen-Fifty Inv. Co.*, 714 S.W.2d 597 (Mo. App. 1986) (distinguishing insurance from non-insurance indemnity contracts for purposes of RSMo. § 537.065); *Huffington v. T.C. Grp., LLC*, 637 F.3d 18 (1st Cir. 2011) (holding that "in connection with" is broader than "arising out of" and "**broader than the concept of a causal connection**" (emphasis added)); *McCormack Baron Mgmt. Servs., Inc. v. Am. Guarantee & Liab. Ins. Co.*, 989 S.W.2d 168 (Mo. banc 1999) (holding duty to defend is broader than duty to indemnify and "arises whenever there is a potential or possible liability to pay based on the facts at the outset of the case"); *Minn. Laws. Mut. Ins. Co. v. Antonelli, Terry, Stout & Kraus, LLP*, 472 F. App'x 219 (4th Cir. 2012) (noting that "in connection with … is given particularly broad scope," string citing cases holding it is "broader than 'arising out of' and "encompasses more than causal connection"); *Monsanto Co. v. Gould Elecs. Inc.*, 965 S.W.2d 314 (Mo. App. 1998) (holding "any and all" language of Special Undertaking requires broad indemnity, including for indemnitee's negligence; holding "or in combination with" meant "coverage is not limited to transformers which contain PCBs delivered after January 12, 1972, exclusively"); *N.Y. Am. Water Co. v. Dow Chem. Co.*, No. 19-CV-2150, 2020 WL 9427226 (E.D.N.Y. Dec. 11, 2020) (holding allegation that

manufacturer of detergent containing dioxane was responsible for release in the vicinity of plaintiff's wells was sufficient; "[N]othing in Rule 8 prohibits collectively referring to multiple defendants" with respect to "identical claims," "even though each defendant is differently situated"); *Pope v. Stolts*, 712 S.W.2d 434 (Mo. App. 1986) (interpreting "arising out of," not "in connection with"); *Power Soak Sys., Inc. v. EMCO Holdings, Inc.*, No. 06-0314, 2006 WL 2483215 (W.D. Mo. Aug. 25, 2016) (holding with respect to non-insurance indemnity contract that duty to defend is broader than duty to indemnify and is triggered by "potential or possible liability" for the duty to indemnify); *Shapiro Sales Co. v. Alcoa, Inc.*, No. 4:06CV638, 2006 WL 2228987 (E.D. Mo. Aug. 3, 2006) (holding with respect to non-insurance indemnity contract that duty to defend is broader than duty to indemnify and is triggered by "potential or possible liability"); *TAP Pharm. Prods. Inc. v. State Bd. of Pharm.*, 238 S.W.3d 140 (Mo. banc 2007) (holding that in determining parties' intent, "courts will consider language in the context of the entire contract, as well as '… the subject matter of the contract'").

**Tort Claims.** *Jacobson Warehouse Co. v. Schnuck Mkts., Inc.*, No. 4:17-CV-00764, 2017 WL 5885669 (E.D. Mo. Nov. 29, 2017) (denying motion to dismiss based on economic loss doctrine and recognizing tort claim is not barred merely because losses are economic and a contract exists; holding that although breaching conduct was the same for both claims, the "negligence claim does not arise solely in contract"); *Sports Cap. Holdings, LLC v. Schindler Elevator Corp.*, 2014 WL 1400159 (E.D. Mo Apr. 10, 2014) (denying motion to dismiss based on economic loss doctrine where losses were "economic and commercial loss for the payments and settlement of claims made by [plaintiff's] patrons" because there was personal injury to third parties).

**Equitable Contribution.** *Former Vacuum & Janitor Supply Co. v. Renard Paper Co.*, 2007 WL 9805665 (E.D. Mo. July 2, 2007) (dismissing contribution claim because third-party plaintiff did "not allege that [third-party defendant] is a joint tortfeasor" or participated in the underlying torts).[1]

---

[1] Plaintiffs did not cite any cases regarding standing or real party in interest at the August 5, 2026 hearing.

Respectfully Submitted,

THOMPSON COBURN LLP

By: /s/ *David M. Mangian*
David M. Mangian #61728
Christopher M. Hohn #44124
Sharon B. Rosenberg #54598
Nicholas T. Schnell #73932
One U.S. Bank Plaza
St. Louis, Missouri 63101
(314) 552-6000 (Telephone)
(314) 552-7000 (Facsimile)
dmangian@thompsoncoburn.com
chohn@thompsoncoburn.com
srosenberg@thompsoncoburn.com
nschnell@thompsoncoburn.com

*Attorneys for Plaintiffs Monsanto Company, Pharmacia LLC, and Solutia, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing has been filed with the Court for service on all counsel of record via the Court's CM/ECF system on August 14, 2026.

/s/ *David M. Mangian*